105 So.2d 446

REPUBLIC STEEL CORPORATION

v.

LaRue HORN, Commissioner of Revenue.

3 Div. 820.

Supreme Court of Alabama.

Sept. 11, 1958.

Rehearing Denied Oct. 9, 1958.

John Patterson, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for appellee.

Burr, McKamy, Moore & Thomas, Frontis H. Moore, Birmingham, for appellant.

LAWSON, Justice.

This suit was instituted by way of bill for declaratory judgment filed by the appellant, Republic Steel Corporation, against appellee, LaRue Horn, as Commissioner of Revenue, in the Circuit Court of Montgomery County, in Equity, praying that the court declare appellant entitled to a refund

of sales and use taxes paid by it on fuel oil used and consumed in the operation of its open hearth furnaces at its manufacturing plant at Gadsden, Alabama.

Appellant seeks a refund under the terms of Act 839, approved September 19, 1953, Acts Regular Session 1953, p. 1130, which is as follows:

"An Act

"To exempt fuel oil purchased or stored or consumed as fuel for kiln use in manufacturing establishments from the state sales and use taxes imposed by Articles 10 and 11, Chapter 20, Title 51, Code of Alabama (1940), as amended.

"Be it Enacted by the Legislature of Alabama:

"Section 1. The sale, proceeds of sale, use, storage, or consumption of fuel oil purchased or stored or consumed as fuel for kiln use in manufacturing establishments is hereby exempted from the state taxes, or the computation of the taxes imposed by Articles 10 and 11 of Chapter 20, Title 51, Code of Alabama (1940), as amended.

"Section 2. This Act shall become effective October 1, 1953.

"Approved September 19, 1953."

The court below by its final decree denied relief and from such decree appellant brings this appeal.

Appellant contends that the term "kiln use" as applied to the purchase, use and consumption of fuel oil is a term of general application applying to those types of furnaces in manufacturing establishments which employ the same, or substantially the same, processes and whose general object is the same, to wit, the introduction of certain raw materials into the furnace and by the application of high degrees of heat to cause those raw materials to undergo physical and chemical changes, and that a new product, different from those which went into the furnace, is produced. Appellant contends that an open hearth furnace comes within such definition and hence the fuel oil therein used is a kiln use.

The appellee, on the other hand, says the term "kiln use" has acquired a limited meaning by popular parlance, such meaning being limited to those structures which are usually referred to as "kilns," and that the legislature adopted "kiln use" with the intent to limit the exemption to those structures which are commonly called kilns.

Does the word "kiln" as employed in the 1953 Act, supra, include a hearth furnace used in making steel?

"Kiln" is not defined in the Act. There is a generally accepted canon of statutory construction to the effect that where there is nothing to indicate to the contrary, words in a statute will be given the meaning which is accepted in popular everyday usage. Holloway v. State, 262 Ala. 437, 79 So.2d 40; State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 69 So.2d 426; Carter Oil Co. v. Blair, 256 Ala. 650, 57 So.2d 64. If that rule of construction be said to be applicable here, the answer to the question posed above must be in the negative, for it is clearly established that the word "kiln" as used and accepted in everyday parlance does not include a hearth furnace used in the making of steel.

The same answer to the question is reached if we consider the word "kiln" as used in the 1953 Act, supra, as being a trade or commercial term and presume, therefore, that it was used in its trade or commercial meaning. There were only two witnesses who testified. The appellant called J. M. Cahill, the superintendent of its open hearth department. He gave much testimony of a technical nature tending to show that an open hearth furnace and some types of kilns operate on the same principle. It is clear that as an individual he entertains the view that the words furnace, kiln and oven are interchangeable. But he stated both on direct and cross that in the steel industry the word "kiln" is not used

to describe an open hearth furnace. The State's witness Harry M. Meek, the president of a large brick manufacturing concern, described kilns as used in his business and stated that during the fifty years he has been in the brick business he has never heard of an open hearth furnace being referred to as a kiln.

When this record is viewed in the light of the well-recognized rule that exemptions are construed against the taxpayer and in favor of the taxing authority, we are constrained to conclude that the learned trial judge correctly decreed that appellant is not entitled to the tax exemption it seeks.

The decree of the trial court is affirmed.

Affirmed.

STAKELY, MERRILL and COLEMAN, JJ., concur.