Mario Pittoxi, J.
The plaintiffs have brought this proceeding for an order to punish the defendant, Michael Forte, “ for contempt of Court because of his failure to comply with said judgment of November 14,1958 providing for a 150 foot ‘ buffer ’ area between the properties of the plaintiffs and the Oakwood Park Civic Association, Inc.” The paragraph in that judgment, which is the core of this proceeding, reads as follows: “ Ordered, Adjudged and Decreed, that all future industrial plants will be erected at a distance of not less than 150 feet from the easterly line of the Map of Oakwood Estates, Section 1.” The contention of the plaintiffs is that the defendant has willfully, knowingly and deliberately violated the provisions of this paragraph in that he is now building a bowling alley in the so-called “ buffer ” area.
It must be stated at the outset that the property involved is in a business district in which a bowling alley is a permitted use by town ordinance; and that on June 7, 1961, Mr. Justice Meyer, in a decision involving the same property, directed the Town Board and the Town Building Department Manager to issue a building permit for a bowling alley.
Be that as it may, this proceeding is to punish the defendant for contempt of court on the contention that he willfully, knowingly and deliberately violated the November 14,1958 judgment.
We must keep in mind that a proceeding to punish a person for contempt of court is a semi-criminal proceeding which requires a strict construction of the language. In other words, the language of the order claimed to have been violated must be clear and unequivocal. In Matter of Carlson v. Podeyn (12 A D 2d 810 [2d Dept.]) the court said: “ As punishment for contempt may involve not only loss of property but loss of liberty as well, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and, when applied to the act complained of, it should appear with reasonable certainty that it had been violated (Ketchum v. Edwards, 153 N. Y. 534, 539). Here, the mandate or order * * * is too vague and indefinite to furnish the basis for a contempt proceeding ”.
The plaintiffs’ contention is that the words “ industrial plants ’ ’ mean any structure. This is stretching their meaning out of reasonable proportion. This is particularly true when *954 the stipulation and judgment use words such as ‘ ‘ building ’ ’ and “ structure ” several times in other paragraphs. Anyway, according to ordinary understanding, an industrial plant is a manufacturing establishment. Furthermore, a dictionary meaning of the word “ industrial ” includes “ engaged in manufacturing industry ’ ’; and a dictionary meaning of the word “plant” includes “ the machinery, apparatus, fixtures, etc., employed in carrying on a trade or a mechanical or other industrial business and also “ A factory, workshop, or apparatus complete for the manufacture of a particular product ’ ’. (Webster’s New International Dictionary [2d ed.], Unabridged.) Then too, it was admitted by the plaintiffs during oral argument that at the time of stipulation prior to the judgment of November 14, 1958 a bowling alley was not considered in any way by the parties in their thoughts and discussions. It cannot be said, therefore, that the words “ industrial plants ” in the November, 1958 order include bowling alleys.
It was pointed out to the court during oral argument that many of the residents in that area are incensed by the building of this bowling alley. However, we must keep in mind that ours is a government of law and not of men, and that decisions, especially in the area of semi-criminality, must be based upon law and not upon sympathy or public clamor.
It is clear, therefore, that the defendant, Michael Forte, cannot be held in contempt of court for any violation of the provision of the November 14, 1958 judgment now in issue.
The motion to punish defendant Forte is denied and the stay which was previously ordered pending determination is vacated.