Joseph A. Suozzi, J.
This is a motion for judgment on the pleadings in a declaratory judgment action. [See 30 Mise 2d 920.] A resumé of the background of this case is necessary for a complete understanding thereof.
In 1956 the defendant submitted to the Town of Oyster Bay an application to rezone property owned by him in a residence “ B ” and “ O ” District to an Industrial “ H ” classification. Vigorous opposition was voiced by the owners of residential dwellings in the surrounding area. At the public hearing on the application, the defendant voluntarily agreed to impose various restrictions on his property, including a buffer zone of 150 feet to separate his premises from those of the residents of Oakwood Estates in Syosset. The objections to the change of zone were then withdrawn.
A dispute later arose based on the claim that the declaration of restrictions and covenants, as filed, did not conform to the agreement. Certain residents of Oakwood Estates then commenced an action against the Town of Oyster Bay and defendant Forte to amend the declarations to include the buffer zone. The action was settled by stipulation made in open court and a judgment entered on the basis thereof. The provision of that judgment, of which the plaintiff in this action seeks an interpretation, reads as follows: ‘ ‘ Ordered, adjudged and decreed that all future industrial plants will be erected at a distance of not less than 150 feet from the easterly line of the Map of Oakwood Estates, Section 1.”
*6 Prior to this action, the defendant requested a building permit to erect a bowling alley on land which would partly encroach within 150 feet of the easterly line of the Oakwood Estates map. The Building Inspector refused the permit on the ground that it violated the declaration of restrictions. The defendant appealed to the Board of Zoning Appeals, which held it was without jurisdiction to make determinations regarding private covenants. An article 78 proceeding was instituted, and Mr. Justice Meyer directed the issuance of the permit on the ground that neither the Building Inspector nor the board had the power to refuse a permit because it violates private covenants or restrictions. The town appealed from this order, and no permit was issued.
In the interim period, the defendant commenced construction. The residents of Oakwood Estates then sought to hold the defendant in contempt of court for violating the quoted provision of the judgment. The contempt order was denied by Mr. Justice Pittoni (Dwyer v. Town of Oyster Bay, 28 Misc 2d 952). The town thereafter commenced this action wherein a declaratory judgment is sought 1 ‘ construing, ascertaining and determining the meaning and impact of the phrase ‘ industrial plants A second cause of action seeks to restrain the construction of a bowling alley as a prohibited structure under the provisions of the judgment. An injunction was issued by order of this court dated July 11,1961.
Judgment on the pleadings may be granted in a declaratory judgment action where the action is entertained by the court, and there are no issues of fact raised by the pleadings, and one of the parties is entitled to the relief as a matter of law (Cinema Corp. of America v. De Mille, 149 Misc. 358, affd. 240 App. Div. 879). In this case the interpretation of the provision of the judgment presents a question of law. No issue of fact exists unless the court looks behind the judgment to ascertain the facts which gave rise to its entry. Presumably, the intention of the parties was expressed in the stipulation of settlement which settled the action instituted to amend the declaration of restrictions, and in the judgment entered thereon. That judgment is conclusive and cannot be changed now.
It is, of course, true that a consent judgment is merely an agreement of the parties entered upon the record with the sanction and approval of the court. It is the act of the parties rather than the court. To put it simply, it is a judicially recorded supposed agreement and, as such, is admissible in evidence, together with the circumstances surrounding its making (People ex rel. Norwich Pharmacal Co. v. Porter, 228 App. *7 Div. 54, 56). The argument of the plaintiff here is that it may show that the stipulation of the parties envisaged a prohibition against a structure such as a bowling alley. This is at variance with the plain language used by the parties. Before evidence may be received to vary a written contract, at least three conditions must be met: 44 (1) the agreement must be in form a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) it must be one that parties would not ordinarily be expected to embody in the writing; * * * or again, it must not be so clearly connected with the principal transaction as to be part and parcel of it.” (Mitchill v. Lath, 247 N. Y. 377, 381.) The plaintiff does not satisfy the last two requirements, and the stipulation may not be modified.
Since the material allegations of the complaint are admitted, no questions of fact are presented, and a judgment declaring the right of the parties may be made (Hoffman v. City of Syracuse, 2 N Y 2d 484). Our inquiry must then turn to the meaning of the stipulation or judgment.
The interpretation of the judgment is not controlled by decisions relating to a zoning ordinance. The judgment is simply an agreement which must be construed according to its language. To hold that the words 1 4 industrial plants ’ ’ contemplate or include within their meaning a structure such as a bowling alley, is a distortion of the words beyond reasonable limitations. Pertinent on this score is the language of Mr. Justice Pittoni that 44 This is particularly true when the stipulation and judgment use words such as 4 building ’ and 4 structure ’ several times in other paragraphs. Anyway, according to ordinary understanding, an industrial plant is a manufacturing establishment. Furthermore, a dictionary meaning of the word 4 industrial ’ includes 4 engaged in manufacturing industry ’; and a dictionary meaning of the word4 plant ’ includes 4 the machinery, apparatus, fixtures, etc., employed in carrying on a trade or a mechanical or other industrial business ’; and also 4 A factory, workshop, or apparatus complete for the manufacture of a particular product ’ (Webster’s New International Dictionary [2d ed.], Unabridged).” (Dwyer v. Town of Oyster Bay, 28 Misc 2d 952, 953-954, supra.)
The operation of a bowling alley may constitute a commercial or business enterprise, but it is not an industrial or manufacturing plant. It is a structure wherein people assemble for recreational activity, and not for the purpose of creating, manufacturing, assembling or finishing products or goods. The erection of the bowling alley is not a prohibited structure *8 within the meaning of the judgment, and the defendant is entitled to a declaration to that effect by this court.
This conclusion is not precluded, as is urged by the plaintiff, because of the decision of Mr. Justice Brennan (30 Mise 2d 920). In upholding the complaint, Mr. Justice Brennan found that a justiciable controversy exists which should be settled by entertainment of the action (cf. Baldwin v. City of Buffalo, 7 A D 2d 386, 387). More specifically, the court found that the complaint was not subject to dismissal on the ground of res judicata or that the town was not a proper party plaintiff. Thus the decision states (pp. 920-921): “ The first point to be decided here is whether the town is a proper party plaintiff in the action for a declaratory judgment * * * The next question presented is whether it has already been determined in the prior litigations that a bowling alley is a permitted use, within the buffer zone, under the judgment of Mr. Justice Christ * * * Since the town is a proper party and since the relief sought has not already been determined in prior litigation, the cross motion for summary judgment dismissing the complaint must be denied.” Judge Brennan never passed on the question of whether the pleadings present an issue of fact or law or both. That question was not presented to him, and no attempt was made to rule on that aspect of the case. Denial of the motion to dismiss the complaint does not justify the invocation of the doctrine of the law of the case under the circumstances (cf. Gracie Sq. Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 278). The motion is granted.