267 So.2d 172

**STATE of Alabama**

v.

**E. P. WALLIS, d/b/a Wallis Vending Company.**

**2 Div. 7.**

Court of Civil Appeals of Alabama.

Sept. 27, 1972.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., William H. Burton, Asst. Counsel Dept. of Revenue and Asst. Atty. Gen., of Alabama, for appellant.

653

Oakley Melton, Jr., Montgomery, for appellee.

BRADLEY, Judge.

The State of Alabama through its Department of Revenue made final ten assessments for license taxes against E. P. Wallis, d/b/a Wallis Vending Company for eighty-eight vending machines dispensing candy, popcorn, gum and coffee. These vending machines were located in the following buildings or areas on Craig Air Force Base, Selma, Alabama:

Building # 29—Officers' Club
96—Motor Pool Dispatcher
100—Personnel
131—Service Station
150—Shed for Concessions

Building # 184—Teen Town
187—Cafeteria
215—Paint Machine Shop
217—Base Machine Shop
225—Orderly Room
262—Golf Club
301—Civil Engineer
305—Civil Engineer
315—Bowling Alley
316—Gym Steam Room ·
345—Service Club
350—Mess Hall
351—BK's
376—BOQ

The assessments for the years 1963, 1964 and 1965 were levied by the State pursuant to the authority reposed in it by Title 51, Section 613, as amended, Code of Alabama 1940, as Recompiled 1958. However, during the years in question, appellee held an occupational license as authorized by said section of the Code.

After the assessments became final the appellee here appealed to the Circuit Court of Dallas County, in Equity, pursuant to the authority granted him by Title 51, Section 140, Code of Alabama 1940, as Recompiled 1958.

Appellee, in his bill of complaint, contended that Section 613, supra, permitted a person who operated vending machines "in industrial plants or on private property for use of employees" to obtain an occupational license rather than a vending machine license. Appellee had obtained an occupational license for thirty dollars, whereas the vending machine license for which appellee was assessed amounted to $873.81 plus interest.

Appellee said that the vending machines located on Craig Air Force Base were for the use of military personnel and civilian employees and were not open to the general public; and that he came within the "industrial plant" exception as provided in section 613, supra, and was not required to purchase individual vending machine licenses.

The pertinent proviso of Section 613 reads as follows:

" . . . Provided, further, that no license for vending machines, vending merchandise in industrial plants or on private property for use of employees, or machines on which persons are weighed, shall be required, if in lieu thereof, the person, firm or corporation engaged in the business of operating such machine shall have applied for and obtained an occupational license and shall have paid therefor, as follows: In counties of sixty thousand inhabitants or less—thirty dollars."

The trial court after hearing the evidence stated that the sole issue before the court was whether the vending machines located on Craig Air Force Base and operated by appellee came within the exception of Section 613, supra, which permits operators of vending machines located "in industrial plants" to pay an occupational license rather than individual vending machine licenses. The court then rendered its decree holding that the vending machines in question were not subject to the individual vending machine licenses because the machines were located in an industrial plant, i. e., Craig Air Force Base. From said decree the State of Alabama appealed to this court.

The assignments of error filed by the appellant are all to the effect that the trial court erred in defining Craig Air Force Base as an "industrial plant" within the meaning of the proviso of Section 613, supra, and exempting appellee from the payment of the vending machine license. The appellant further argues that Craig Air Force Base is not "private property" within the meaning of said proviso.

The statute in question, i. e., Section 613, supra, appears to permit an individual, firm, or corporation to operate merchandise vending machines " . . . in industrial plants or on private property for use of employees . . . ." at a different and possibly cheaper rate than if those same

machines were operated in locations other than those enumerated. However, in order to take advantage of this probably cheaper rate, one must show that he fits into the special category created by the legislature.

The term "industrial plants" is not defined in Section 613, supra; and the generally accepted rule is that, in the absence of a statutory definition, the commonly accepted definition of such term must be applied. Republic Steel Corp. v. Horn, 268 Ala. 279, 105 So.2d 446; Holloway v. State, 262 Ala. 437, 79 So.2d 40.

In Webster's International Dictionary, Second Ed. Unabridged, the definition of an "industrial plant" includes "engaged in a manufacturing industry."

It has also been decided that the ordinary understanding of an "industrial plant" is that it is a manufacturing establishment. Town of Oyster Bay v. Forte, 34 Misc.2d 5, 219 N.Y.S.2d 456; Dwyer v. Town of Oyster Bay, 28 Misc.2d 952, 217 N.Y.S.2d 392.

Craig Air Force Base is a U. S. Air Force training facility with the primary mission of training pilots to fly jet aircraft. It is a U. S. military establishment.

There was no evidence presented to the trial court that Craig Air Force Base was an "industrial plant" within the commonly accepted definition of that term. There was no evidence that Craig Air Force Base was a manufacturing plant within the accepted definition.

Furthermore, there is nothing in Section 613, supra, to indicate that the legislature intended to include military bases within the definition of "industrial plants."

There is no evidence in the record of the case before us to support the conclusion that Craig Air Force Base is an "industrial plant." Therefore, since Craig Air Force Base does not come within the purview of the proviso of Section 613, supra, appellee would not be authorized to purchase an occupational license for the operation of the vending machines in question on Craig Air Force Base. Not being able to purchase an occupational license, it would be necessary that appellee have individual vending machine licenses for the operation of each assessed machine at Craig Air Force Base in order to comply with the provisions of Section 613, supra.

Appellee contends in brief that Section 613, supra, is unconstitutional for the reasons that it imposes a tax on the method of doing business; that the tax is not equal and uniform and therefore violates the Alabama and United States Constitutions; and that the statute is discriminatory for that the amount of the tax is dependent on the location of vending machines, i. e., whether they are located in "industrial plants" or on private property where there are five or more employees.

The objections to the constitutionality of Section 613, supra, have been raised for the first time on appeal. They were not raised in the trial court.

In Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904, the Supreme Court said:

"The rule is that the constitutionality of a statute will not be decided in this court when the question was not presented in the lower court but was raised for the first time in a brief in this court. . . ."

We are therefore precluded from considering the objections to the constitutionality of the statute raised in appellant's brief.

For the reasons stated above, we conclude that the trial court erred in decreeing that the final assessments on the vending machines in question were illegal and void, hence this case is reversed and remanded.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.