**Samuel NEMAIZER, General Manager of the New York Coat, Suit, Dress, Rainwear and Allied Workers' Union I.L.G. W.U., Plaintiffs-Appellees,**

v.

**Jack BAKER, an individual, Defendant-Appellant.**

**No. 252, Docket 85–7472.**

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1985.

Decided June 5, 1986.

Meskill, Circuit Judge, dissented with opinion.

Robert Cammer, New York City (Cammer & Shapiro, P.C., New York City), for defendant-appellant.

Eric B. Chaikin, New York City (Chaikin & Chaikin, New York City), for plaintiffs-appellees.

Before MANSFIELD, MESKILL, and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

The question we are called upon to decide is whether appellees may bring an action in federal court claiming that appellant is individually liable under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* (1982), for unpaid corporate employee benefit trust funds, after appellee had previously stipulated to dismiss "with prejudice" an action raising that claim. The reason appellees advance to obtain Rule 60(b) relief from the order of dismissal is that the stipulation contemplated only a pending state claim, not a federal claim. The legal consequences of a stipulation incorporated

in a court order may not be undone simply because, with the benefit of hindsight, stipulating turns out to have been an unfortunate tactic. Although obviously better informed than foresight, an argument based on hindsight is not a ground upon which a court may grant Rule 60(b) relief.

## I BACKGROUND

Plaintiff, Samuel Nemaizer, General Manager of the New York Coat, Suit, Dress, Rainwear and Allied Workers' Union I.L.G.W.U., originally commenced an action in January, 1984 in New York State Supreme Court to recover employee benefit trust fund contributions from appellant, Jack Baker, an officer of Sue Brett, Inc. The initial complaint alleged one cause of action under New York State Labor Law, § 198-c (1986). Sue Brett, Inc., the corporate employer, had declared bankruptcy, and the complaint alleged that appellant was personally liable for the delinquent contributions as the corporation's chief operating officer.

On February 23, 1984 appellant removed the action to the United States District Court for the Southern District of New York (Broderick, J.), alleging that the claim asserted was preempted by §§ 1132 and 1144 of ERISA. Plaintiff Nemaizer did not contest this removal, nor did he move to remand it back to state court.

Appellant Baker then moved in federal court to dismiss the complaint—that he alleged was preempted by ERISA—arguing that ERISA did not impose liability upon a non-signatory to a collective bargaining agreement, regardless of that individual's corporate status. During the pendency of the motion, on February 16, 1984, the New York Court of Appeals handed down *Stoganovic v. Dinolfo*, 61 N.Y.2d 812, 473 N.Y. S.2d 972, 462 N.E.2d 149 (1984), which held that New York Labor Law § 198-c did not provide a cause of action for recovery of unpaid employee benefit trust funds against an individual like Baker. Faced with the knowledge that he had no claim cognizable in state court, Nemaizer offered voluntarily to discontinue that lawsuit in federal court. Accordingly, the parties executed a stipulation dismissing the action "with prejudice," and it was "so ordered" by Judge Broderick on March 16, 1984.

Six months later on September 13, 1984, Nemaizer and another benefit fund trustee (appellees) brought the instant federal action alleging that appellant was individually liable under ERISA for contributions owed the fund by the corporation. The district court judge to whom the action was originally assigned indicated that he would dismiss it on *res judicata* grounds unless plaintiffs convinced Judge Broderick to modify the earlier "with prejudice" order to encompass only a dismissal of plaintiffs' original state law complaint.

When the matter was referred to him, Judge Broderick found that such was appellee's intent in entering the stipulation, and granted appellees' Fed.R.Civ.P. 60(b) motion relieving them from the judgment that had dismissed the state action "with prejudice," and which otherwise would have precluded them from now raising claims arising under federal law. The district court found a genuine misunderstanding had occurred concerning the stipulation's scope and that equity dictated giving appellees an opportunity to make their ERISA claims in federal court. The district court did not specify the subsection of Rule 60(b) upon which it relied.

From this determination, defendant-appellant Baker appeals. After reviewing 60(b)(1), (b)(6), and (b)(4)—the only applicable subsections—we conclude that none support the relief granted, and that the district court therefore abused its discretion in granting it. We reverse the judgment appealed from and dismiss plaintiffs' ERISA claim as barred by *res judicata*.

## II THE JUDGMENT

 As written, the stipulation stated in relevant part that "this action is dismissed with prejudice and without costs against either party." A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. *Wain-*

*wright Securities Inc. v. Wall St. Transcript,* 80 F.R.D. 103, 105 (S.D.N.Y.1978). Such a dismissal constitutes a final judgment with the preclusive effect of *"res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." *Heiser v. Woodruff,* 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *Teltronics v. L M Ericsson Telecommunications,* 642 F.2d 31, 35 (2d Cir.1981).

A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings. Here appellant removed this case to the federal court on ERISA preemption grounds and alleged in his motion to dismiss in that court that ERISA precluded appellee's recovery. The district court ordered plaintiff's action dismissed with prejudice in accordance with the stipulation. Accordingly, *res judicata* precluded present appellees from raising the ERISA claim in a later federal suit. *See PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983).

Appellees' complaint simply substitutes claims of ERISA violations for the previous claims of a violation of state labor law; it relies on the same operative facts. Because the identical facts pleaded in the prior state action form the basis for the new ERISA complaint, and the ERISA claim was in fact pleaded by appellant in the prior action (appellant's motion to dismiss and removal of petition), the stipulation dismissing plaintiff's "action" with prejudice must be read to have dismissed *all* claims. *Res judicata* principles preclude appellees from raising in a later action those claims that would have been decided had the first action been fully litigated. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Murphy v. Gallagher,* 761 F.2d 878, 879 (2d Cir.1985).

Thus, in order to maintain the instant federal action, appellees must invoke Rule 60(b) to vacate part of the initial judgment. To do that successfully, the rules governing 60(b) must be satisfied. We turn to those rules.

### III FED.R.CIV.P. 60(b)

Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. It provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ...; or (6) any other reason justifying relief from the operation of the judgment.

Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. *House v. Secretary of Health and Human Services,* 688 F.2d 7, 9 (2d Cir.1982); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981). In other words it should be broadly construed to do "substantial justice," see *Seven Elves,* 635 F.2d at 401, yet final judgments should not "be lightly reopened." *Id.; Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984). The Rule may not be used as a substitute for a timely appeal. *United States v. O'Neil,* 709 F.2d 361, 372 (5th Cir.1983); *Rinieri v. News Syndicate Co.,* 385 F.2d 818, 822 (2d Cir.1967). Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. *Ben Sager Chemicals Intern. v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir.1977); *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir.1969); *Rinieri,* 385 F.2d at 822. A motion seeking such relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has

been abused. *Griffin,* 722 F.2d at 680; *Matter of Emergency Beacon Corp.,* 666 F.2d 754, 760 (2d Cir.1981).

## A. *Rule 60(b)(1)*

Nemaizer contends that his counsel in the original action did not contemplate the breadth of the stipulation and did not thereby intend to foreclose later bringing an ERISA claim in federal court. The district court accepted this argument and found that entering into the stipulation was an honest mistake; that is, a misunderstanding of what each party intended. Nonetheless, the agreement clearly precluded appellees from bringing the instant ERISA claim. Had appellant intended to preserve that right, he should not have entered into this type of "with prejudice" stipulation.

■ Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect. But we have consistently declined to relieve a client under subsection (1) of the "burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976); *United States v. Erdoss,* 440 F.2d 1221 (2d Cir.), *cert. denied sub nom. Horvath v. United States,* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971); *Schwarz v. United States,* 384 F.2d 833 (2d Cir.1967). This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *see Teltronics,* 642 F.2d at 36 ("While it is true that *res judicata* is not to be mechanically applied, ... no case has been cited or discovered where relief from *res judicata* principles has been granted simply because the plaintiff was represented by inexperienced counsel."). Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect neces-

sary to justify Rule 60(b)(1) relief. *See O'Neil,* 709 F.2d at 373; *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 695 (5th Cir.), *cert. denied sub nom. Chick Kam Choo v. Esso Oil Co.,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).

More particularly for our purposes, an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment. *See O'Neil,* 709 F.2d at 373; *Chick Kam Choo,* 699 F.2d at 696–97. In *O'Neil,* the government sought 60(b) relief after it failed to take a timely appeal because it misinterpreted the adverse order. This misinterpretation arose because it thought the orders directed separate trials under Fed.R.Civ.P. 42(b), rather than severance under Fed.R.Civ.P. 21. The government's misunderstanding apparently stemmed from its interpretation of the term "sever". *Id.* at 372. The district court's denial of Rule 60(b) relief was upheld despite the finding of a good faith mistake. The appellate court stated that the orders themselves were not ambiguous and the failure to appeal or to inquire as to their status "amounts to a want of adequate care or ignorance of the rules." *Id.* at 374.

The circumstances here are analogous to those in *O'Neil.* The parties voluntarily agreed to dismiss plaintiff's action with prejudice. The clear language of the district court's order served notice that basic *res judicata* principles would bar future actions. Insofar as Nemaizer or his counsel read the order's "proper" and "technical" language differently, he misread the law. More likely, the consequences of entering into such an agreement were not fully weighed. Admittedly, the choice made was poor, but even if responsibility rests with plaintiff's prior counsel, Rule 60(b)(1) does not provide an avenue for relief. There is no allegation, for example, that former counsel lacked authority to enter into the stipulation. Moreover, in this context, an attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who

has a duty to protect his own interests by taking such legal steps as are necessary. *Ackerman v. United States*, 340 U.S. 193, 197–98, 71 S.Ct. 209, 211, 212, 95 L.Ed. 207 (1950). To rule otherwise would empty the finality of judgments rule of meaning.

Rule 60(b) relief is designed to afford parties an opportunity to resolve a dispute on its merits. 7 J. Moore & J. Lucas, *Federal Practice*, ¶ 60.19, at 156 (2d ed. 1983). When the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits, however, the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal. *Id.; see also Hoffman v. Celebrezze*, 405 F.2d at 836. In short, there is no "mistake, inadvertence, surprise or excusable neglect" demonstrated here sufficient to afford appellees Rule 60(b)(1) relief.

### B. *Rule 60(b)(6)*

Clause (6) of Rule 60(b) provides that relief may be granted for "any other reason justifying relief from the operation of the judgment." This portion of the Rule is properly invoked only when there are extraordinary circumstances justifying relief, *Matter of Emergency Beacon Corp.*, 666 F.2d at 759, when the judgment may work an extreme and undue hardship, *Id.; United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir.1953), and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule. *Matter of Emergency Beacon Corp.*, 666 F.2d at 758; *Cirami*, 535 F.2d at 740. As (b)(6) applies only when no other subsection is available, grounds for relief may not be mistake, inadvertence, surprise or excusable neglect.

The scope of (b)(6) has been variously interpreted. *See, e.g., Karahalias*, 205 F.2d at 333 (L. Hand, J.) ("extremely meager"); *accord Rinieri*, 385 F.2d at 822; *cf. United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977) (quoting 7 *Moore's Federal Practice*, ¶ 60.27[2] at 315 (2d ed. rev. 1975)) ("a grand reservoir of equitable power"); *accord Dunlop v. Pan American World Airways*, 672 F.2d 1044, 1051 (2d Cir.1982). Thus whether the water in the reservoir is scant or grand, is far from clear. Nonetheless, it was plainly not intended to apply in the circumstances presented here. To grant relief under this subsection would be to accept the proposition that when counsel's conduct shows *gross* negligence relief to a client may be afforded under Rule 60(b)(6). Although some courts have embraced that view, *see L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964), we have consistently indicated a reluctance to do so. *Cirami*, 535 F.2d at 740–41; *Schwarz*, 384 F.2d at 835.

It is unnecessary to reconsider our disinclination because prior counsel's failure to recognize the effect of the agreed-upon stipulation does not amount to gross negligence. When plaintiff's state law claim became untenable by virtue of an intervening decision from New York's highest court, counsel quickly sought to prevent his client from pursuing a lawsuit destined to end in defeat. Regardless of *intent*, agreeing to a dismissal that precluded Nemaizer from being later able to litigate federal claims was not an unreasonable act. His claim had been removed to a federal forum where appellant had moved to dismiss on the ground that no valid ERISA claim existed against him individually. A decision to stipulate to a dismissal of the entire cause of action at that point could well have been based on a conscientious and informed estimate by counsel of plaintiff's legal chances of success, balancing the benefits of continued litigation against its prospective costs. *See Rarick v. United Steelworkers of America*, 202 F.Supp. 902, 903 (W.D.Pa.1962). If counsel did not undertake this cost-benefit analysis and instead had always intended to bring a subsequent lawsuit on the federal cause of action, it was careless to sign such a preclusive stipulation, but such carelessness is not gross negligence, nor is it sufficient to vacate the judgment under Rule 60(b)(6).

Appellees urge that *Dunlop v. Pan American World Airways, Inc.*, 672 F.2d

1044, controls. In *Dunlop*, the U.S. Secretary of Labor settled a federal age discrimination suit with Pan American on behalf of 600 airline employees. Appellants, who had commenced a prior state litigation that was stayed pending the outcome of the superseding federal suit, were given no opportunity to participate in the federal suit. Nonetheless, an ambiguous stipulation was entered into dismissing the federal suit, which could be read to prevent appellants from proceeding on their separate state law claims. Because the Secretary had no authority to extinguish state claims or statutory rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 633(a) (1982), the stipulation was amended under Rule 60(b)(6) to permit appellants to prosecute their state law claims. 672 F.2d at 1051.

The case at bar is different. Here the stipulation was not ambiguous; its legal effect clearly precluded appellees from later raising a federal claim. Thus, the judgment is not susceptible simply to being amended; it must be vacated. Unlike the appellants in *Dunlop*—non-parties in the initial federal lawsuit brought by the Secretary—plaintiff-appellee Nemaizer participated fully in the original state suit and voluntarily stipulated to its dismissal. Appellees do not seek to modify a federal judgment to protect state law claims, but to modify a federal judgment to preserve federal claims. Plainly, federal courts may vacate judgments to accomplish justice in a particular case. *Id.* Yet, justice and equity are not served by invoking Rule 60(b)(6) to allow appellees to sue the individual appellant for ERISA contributions when the identical claim urged under a theory of state law was dismissed and the parties have stipulated not to raise the ERISA claim in federal court.

## C. *Rule 60(b)(4)*

██ Appellees next contend that they were not bound by the stipulation agreed upon between the parties because appellant improperly removed the original action from state court by claiming that ERISA preempted appellees' state-law claim. Because federal courts lack jurisdiction over an improperly removed case, appellees maintain that the order signed by the district court was a nullity and therefore not binding. Even assuming that this case was not properly within the jurisdiction of the district court, appellees may not now collaterally attack that court's exercise of jurisdiction.

The only relevant subdivision of Rule 60(b) is (b)(4) which relates to void judgments. Although appellees correctly argue that *this* case was improperly removed to federal court, it does not logically or necessarily follow that *every* judgment rendered after an improper removal must be classified as a nullity and therefore void.

In most cases a defense of federal law preemption will not constitute an independent basis for federal jurisdiction sufficient to entitle the party asserting it to removal under 28 U.S.C. § 1441(a). Appellees rely on this principle and the recent ERISA decision in *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 13–14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983), when they assert that appellant's ERISA preemption defense did not make appellees' original state law complaint under § 198-c of the New York Labor Law one that fell within the "arising under" jurisdiction of the federal court. Thus, such defense did not provide a basis for removing the state complaint.

We assume without deciding that appellees correctly claim that this case was improperly removed and the district court improperly exercised its jurisdiction when it "so ordered" the stipulation. Nonetheless, the judgment entered in federal court was not void. Appellees could have moved to remand the action to state court after its improper removal to federal court, or challenged the district court's exercise of jurisdiction on direct appeal. Because they did neither, they are now barred by principles of *res judicata* and the interest in finality of judgments from mounting a collateral attack on a prior judgment in the present action.

In *Chicot County Dist. v. Bank.*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), the Supreme Court held that a federal district court's erroneous exercise of subject matter jurisdiction is not subject to collateral attack. "The court has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is *res judicata* in a collateral action." *Id.* at 377, 60 S.Ct. at 320. Even if a court does not expressly rule on matters relating to its exercise of jurisdiction, if the parties *could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally. *Id.* at 378, 60 S.Ct. at 320. This principle was recently reaffirmed by the Supreme Court in *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492 (1982) ("A party that has had an opportunity to litigate the question of subject matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment."); *see also Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); 11 Wright & Miller, *Federal Practice and Procedure*, § 2862 at 201 (1973) ("[A] court's determination that it has jurisdiction of the subject matter is *res judicata* on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject matter jurisdiction and failed to do so.").

Contrary case law and commentators' views permitting any collateral attack on a prior judgment under Rule 60(b)(4) always involve a clear usurpation of power by a district court, and not an error of law in determining whether it has jurisdiction. *See e.g., Kansas City Southern Ry. Co. v. Great Lakes Carbon*, 624 F.2d 822, 825 (8th Cir.1980); *Marshall v. Board of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3rd Cir.1978); *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649–50 (1st Cir.1972); J. Moore & J. Lucas, *supra*, ¶ 60.25[2] at 227.

Since a court has power to determine its own jurisdiction and, in fact, is required to exercise that power *sua sponte,* it does not plainly usurp jurisdiction when it merely commits an error in the exercise of that power. Rather, a court will be deemed to have plainly usurped jurisdiction only when there is a "total want of jurisdiction" and no arguable basis on which it could have rested a finding that it had jurisdiction. *Lubben*, 453 F.2d at 649. When a district court has not explicitly noted why it assumed jurisdiction over a suit, appellate courts will independently examine the record to determine whether a reasonable basis existed for the lower court's implicit finding that it had jurisdiction. *See id.* at 647 n. 4; *Kansas City Ry.*, 624 F.2d at 824.

In the present case the district court did not 'plainly usurp' jurisdiction over the initial action. A state cause of action arises under federal law and may therefore be removed to federal court in the rare instance when a federal cause of action completely preempts the state cause of action. *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 22–27, 103 S.Ct. 2841, 2852–55, 77 L.Ed.2d 420 (1983). *See also Avco Corp. v. Aero Lodge 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *McIntyre v. Fallahay*, 766 F.2d 1078, 1084 (7th Cir.1985). Here the district court could reasonably have found that ERISA's remedial provision, 29 U.S.C. § 1132(a), so completely preempted N.Y. Labor Law § 198–c that an action brought under § 198–c 'arose under' ERISA. *See Franchise Tax Board*, 463 U.S. at 24, 103 S.Ct. at 2854 ("It may be that ... any state action coming within the scope" of 29 U.S.C. § 1132(a) is removable to federal court); *Calhoon v. Bonnabel*, 560 F.Supp. 101, 108–09 (S.D.N.Y.1982) (actions brought under § 198–c removable to federal court as 'arising under' ERISA). We do not suggest that the district court's implicit finding that it had jurisdiction over the suit was correct, only that it was reasonable, and therefore immune from collateral challenge under Rule 60(b)(4).

Hence, we conclude that the earlier judgment, although perhaps an erroneous exer-

cise of federal jurisdiction, is not now subject to collateral attack. 7 J. Moore & J. Lucas, *supra*, ¶ 60.25[2] at 230–31. Thus, Rule 60(b)(4) does not furnish grounds for appellees to vacate the judgment.

## IV CONCLUSION

The judgment of the district court is reversed and appellees' ERISA complaint is dismissed as barred by principles of *res judicata*.

MESKILL, Circuit Judge, dissenting:

I respectfully dissent.

After correctly stating that our scope of review of the grant or denial of relief under Rule 60(b) is limited to determining whether the district court abused its discretion, the majority then proceeds to ignore the facts that Judge Broderick considered in interpreting his own order. The majority effectively reads back into the stipulation the very language that the parties themselves agreed to delete. A review of the complete factual background convinces me that Judge Broderick did not abuse his discretion in this case.

Appellee Samuel Nemaizer filed an action in New York Supreme Court in January 1984 alleging that appellant Jack Baker was liable for employee benefit fund contributions under New York Labor Law § 198–c. On February 16, 1984, the New York Court of Appeals in the case of *Stoganovic v. DiNolfo*, 61 N.Y.2d 812, 473 N.Y.S.2d 972, 462 N.E.2d 149 (Ct.App.1984), *aff'g Stoganovic v. DiNolfo*, 92 A.D.2d 729, 461 N.Y.S.2d 121 (4th Dep't 1983), squarely held that a civil cause of action against corporate officials like Baker could not be implied under section 198–c. Thus, before Nemaizer's state law claim ever reached the federal court, its legal basis had been repudiated by the state's highest court.

Nemaizer's attorney says he learned of the *Stoganovic* decision on February 21, 1984, following its publication in the *New York Law Journal*. On February 23,

1984, Baker removed Nemaizer's suit to federal court, alleging as the ground for removal that the 198–c claim was preempted by ERISA. The following day Baker moved to dismiss Nemaizer's suit pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. His accompanying memorandum of law argued that the claim failed under ERISA.[1]

Rather than investing his client's time and money in an effort to win a remand of what was now a meritless 198–c claim, Nemaizer contacted Baker and suggested a voluntary termination of the claim. Baker responded by proposing a stipulation of dismissal which contained the following language: "[T]his action, *including all claims which were or could have been asserted herein*, is dismissed with prejudice...." App. of Appellant at 44 (emphasis added). Nemaizer refused to sign this stipulation which clearly would have barred a future ERISA claim. After negotiation, the italicized language was deleted. The resulting stipulation, signed by both parties and ordered by Judge Broderick, stated instead only that "this action is dismissed with prejudice." App. of Appellant at 25. With the 198–c complaint now out of the picture, Baker's motion to dismiss the complaint pursuant to Rule 12(b)(6) was dismissed by Judge Broderick as moot on March 16, 1984.

On September 13, 1984, Nemaizer and another benefit fund trustee brought an action against Baker in federal court alleging that Baker was liable for employee benefit funds under ERISA. The suit was originally assigned to Judge Brieant. At a conference with the judge, Baker's attorney asserted that the new suit was barred by the stipulated dismissal with prejudice of the earlier suit. According to Nemaizer, Judge Brieant said that if the dismissal order were his own, he would be inclined to modify it in order to allow the ERISA claim to proceed. According to both parties, however, Judge Brieant stated that if the

---

1. The record indicates, therefore, that the *Stoganovic* decision did not come during the pendency of this dismissal motion as indicated by the majority. Instead, the dismissal motion was filed eight days *after* the *Stoganovic* decision had rendered the 198–c claim meritless.

order were not modified, he would probably be required to dismiss the ERISA claim on *res judicata* grounds. Nemaizer says it was Judge Brieant's suggestion that the parties return to Judge Broderick to determine the order's scope.

Nemaizer then filed with Judge Broderick the instant request for Rule 60(b) relief from the dismissal order. After receiving affidavits and briefs from the parties and hearing argument, Judge Broderick found that Nemaizer had intended the stipulation only to discontinue his state law claim, that there had been a true misunderstanding between counsel for the parties over the intended effect of the stipulation and that, in light of all of the facts and circumstances of the case, it would be inequitable to deny Nemaizer an opportunity to litigate his ERISA claim. In support of his finding, Judge Broderick particularly noted the deletion of the broad language from the original stipulation and the rapid confluence of events preceding it—the critical New York Court of Appeals decision, the removal of the 198–c action and the motion to dismiss. He also noted that an effort to remand the 198–c claim to state court would probably have succeeded, but would have been futile in light of the New York Court of Appeals decision.

Rather than actually modifying the dismissal order, Judge Broderick issued an order on May 8, 1985, in which he "construe[d] the stipulation as having been intended to discontinue the claim under state law but ... not ... as barring a subsequent claim under ERISA." [2] App. of Appellant at 4. This order deemed the Rule 60(b) motion as having been made in the ERISA suit. A subsequent order dated June 4, 1985, amended the May 8 order, construing the Rule 60(b) motion as having been made in both the original 198–c suit and the later ERISA action.

## DISCUSSION

The majority begs the key question in this case when it states that "[a] dismissal with prejudice arising out of an agreement of the parties is an adjudication of *all matters contemplated in the agreement,*" Majority Op. at section II (emphasis added), while refusing to examine what was actually contemplated by the parties here or, indeed, whether there ever was a meeting of the minds. The district judge, on the other hand, actually made this inquiry. He found that instead of an agreement there was a genuine misunderstanding between the parties as to the stipulation's scope. The majority notes this finding, *see id.* at section I, and nowhere indicates that it was wrong, much less clearly erroneous. Then, instead of according the finding the deference it deserves, the majority disregards it.

Because the instant stipulated judgment of dismissal, like a consent judgment, is " 'an agreement of the parties entered upon the record with the sanction and approval of the [c]ourt,' " *see Schurr v. Austin Galleries of Illinois, Inc.,* 719 F.2d 571, 574 (2d Cir.1983) (quoting *Town of Oyster Bay v. Forte,* 34 Misc.2d 5, 219 N.Y.S.2d 456, 459 (Sup.Ct.1961), it is reasonable to apply here the principles long applied to consent judgment cases. The stipulation, like a consent judgment, should be construed and interpreted as a contract and

> " 'reliance upon certain aids to construction is proper, as with any contract. Such aids include the circumstances surrounding the formation of the [stipulation, and] any technical meaning words used may have had to the parties'.... [A] court may interpret the terms ... by examining extrinsic documents ... [and may also examine] 'the circumstances surrounding the order and the context in which the parties were operating,' "

*Schurr,* 719 F.2d at 574 (quoting *United States v. ITT Continental Baking Co.,* 420 U.S. 223, 238, 243, 95 S.Ct. 926, 935, 938, 43 L.Ed.2d 148 (1975)). *See New York State Association For Retarded Children v. Carey,* 596 F.2d 27, 37 (2d Cir.), *cert. denied,* 444 U.S. 836, 100 S.Ct. 70, 62 L.Ed.2d

2. Despite the district court's references to clarification and construction rather than modification, we should review its action as a grant of relief under Rule 60(b). *Cf. In re Frigitemp Corp.,* 781 F.2d 324, 328 (2d Cir.1986).

46 (1979); *see also Alliance to End Repression v. City of Chicago,* 742 F.2d 1007, 1013 (7th Cir.1984) (en banc) ("context ... is the key to understanding language [in a consent decree]").

Based on his knowledge of the confusing substantive and procedural context in which the parties here were operating, Judge Broderick correctly found that the term "this action" in the parties' stipulation was ambiguous. He then properly proceeded to determine the intended meaning of the term. *See Dunlop v. Pan American World Airways,* 672 F.2d 1044, 1050 (2d Cir.1982) (stipulation stating that it was "deemed to constitute a bar, merger, and estoppel to the institution or prosecution of *any* further litigation" by certain named parties was "sufficiently ambiguous ... to require clarification"); *cf. Schurr,* 719 F.2d at 575 (district court erred in looking to extrinsic evidence after having found that language of consent judgment was "clear and unambiguous"). *But see Alliance to End Repression,* 742 F.2d at 1013 (courts seeking to effectuate parties' intent may disregard even unambiguous language where literal meaning is clearly contrary to that intent). Employing the aids to construction described above, particularly including a comparison of the draft and final stipulations, the district judge concluded that the. intended meaning of "this action" was limited to Nemaizer's 198–c complaint and did not extend to a potential future claim under ERISA. *Cf. United States v. O'Neil,* 709 F.2d 361, 366–68 (5th Cir.1983) (appellate court looked to context and wording of related judgments to determine district court's intended meaning of "severed" in judgments at issue).

Two subsections of Rule 60(b) afforded the district court the power to grant relief from an unintended effect of the stipulation. The first of the applicable subsections, 60(b)(1), allows relief from a judgment resulting from a "mistake." What occurred here was not the kind of negligent omission that courts have refused to recognize as a ground for relief under Rule 60(b). *See, e.g., Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir.1969). Rather, it was as the district court described it—with an apparent reference to the classic mistake case, *Raffles v. Wichelhaus,* 159 Eng. Rep. 375 (Ex.1864)—a "true case of a misunderstanding where two ships were passing in the night." App. of Appellant at 7. The stipulation did not clearly express the intent of the parties and relief from it was properly available under Rule 60(b)(1). *Cf. Elder v. Metropolitan Freight Carriers, Inc.,* 543 F.2d 513, 517–18 (3d Cir.1976).

Viewed another way, the stipulated dismissal entered here was also contrary to the intentions of the *court.* The court, therefore, had the power to grant relief from it pursuant to Rule 60(b)(6), providing that the circumstances here were sufficiently "extraordinary" to satisfy the judicial gloss on this subsection. *See Matter of Emergency Beacon Corp.,* 666 F.2d 754, 759 (2d Cir.1981). The district court did not abuse its discretion when it determined that the circumstances here were extraordinary.

Beyond the facts and events described above, the following factors could also have led to that determination. First, the plaintiff here had the "unfettered power" to obtain a voluntary dismissal of his claim under Fed.R.Civ.P. 41(a)(1)(i) merely by filing a notice of dismissal. *Santiago v. Victim Services Agency of the Metropolitan Assistance Corp.,* 753 F.2d 219, 221 (2d Cir.1985). The defendant's motion to dismiss did not take the case out of the Rule, *id.* at 222, whose policy of encouraging "voluntary dismissals of actions that have become untenable in the very early stages of the litigation," *id.* at 223, was certainly applicable here. Thus, Nemaizer could have withdrawn his 198–c claim without bothering to reach a mutual understanding about the terms of the withdrawal.

Second, a broad reading of the parties' stipulation here would deny the plaintiff his day in court by re-inserting the very language the parties themselves intentionally deleted. That result is contrary to the policy of Rule 60(b), "a remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default or dismissal." *Greater Baton Rouge Golf Associa-*

*tion v. Recreation and Park Commission,* 507 F.2d 227, 228 (5th Cir.1975) (per curiam). Third, the claim precluded here was an *ERISA* claim, one protected by the strong legislative policy of preventing an employer "from 'pulling the rug out from under' promised retirement benefits upon which his employees had relied during their long years of service." *Amato v. Western Union International, Inc.,* 773 F.2d 1402, 1409 (2d Cir.1985), *pet. for cert. dismissed,* —— U.S. ——, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986); *cf. Gilbert v. Burlington Industries, Inc.,* 765 F.2d 320, 326 (2d Cir.) (financial loss to employees by employer's default on severance pay obligations a primary concern of ERISA), *aff'd,* —— U.S. ——, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986).

Considering all of these factors, the experienced district judge here used sound discretion in construing his own order in such a way as to do substantial justice. *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 1099 (1949) (opinion of Black, J.). I would affirm.