604

**Richard D'ANGELO, Plaintiff–Appellant,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant–Appellee.**

**Docket No. 00–9432.**

United States Court of Appeals, Second Circuit.

March 29, 2002.

Richard D'Angelo, pro se, Glen Cove, NY, for Plaintiff–Appellant.

Alan Copertino, Kenneth Adler & Associates, Melville, NY, for Defendant–Appellee.

Present: FEINBERG, OAKES and STRAUB, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff-appellant Richard D'Angelo, pro se, appeals from an order of the United States District Court for the Eastern District of New York (Denis R. Hurley, Judge) denying his motion to vacate the judgment against him pursuant to Fed. R.Civ.P. 60(b).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

This appeal involves Plaintiff–Appellant Richard D'Angelo's third attempt to attain relief from a Judgment dated February 9, 1996 imposed against him in favor of Defendant–Appellee State Farm Fire & Casualty Company ("State Farm"). In this latest attempt, D'Angelo has moved pursu-

ant to Fed.R.Civ.P. 60(b) for an order, inter alia, vacating the February 9, 1996 Judgment. For the reasons set forth, we agree that D'Angelo has not met the burden required for relief pursuant to Rule 60(b), and we thus affirm the District Court's Order denying the motion.

D'Angelo brought the underlying suit to this action in order to compel State Farm to pay on D'Angelo's homeowner's insurance policy after a fire destroyed his residence. At trial, a jury found for State Farm on its affirmative defense that D'Angelo, or his agent, had deliberately set the fire. A Judgment dated February 9, 1996 was entered in favor of State Farm and against D'Angelo on State Farm's counterclaim in the sum of $235,994.88. This Court affirmed the Judgment by summary order dated December 3, 1996.

D'Angelo subsequently sought an order vacating the Judgment pursuant to Fed. R.Civ.P. 60(b). The motion was denied by Memorandum and Order (Hurley, Judge) dated April 14, 1999. This Court affirmed the District Court's decision by summary order dated December 20, 1999.

In May 2000, D'Angelo moved yet again for relief pursuant to Rule 60(b), primarily seeking an order that vacates the February 9, 1996 Judgment. In this latest motion, D'Angelo argues that the Judgment should be vacated because D'Angelo's attorney, Stuart Schlem, who represented him in the original coverage suit, had been suffering from Adult Attention Deficit Hyperactivity Disorder ("ADHD") at the time of trial.

The District Court held an evidentiary hearing, at which Schlem testified that he had been diagnosed with ADHD, that its symptoms included an inability to concentrate, and that he had probably suffered from the condition all of his life. Schlem also testified that he did not know how his ADHD had affected his representation of

D'Angelo. In an oral opinion delivered on August 25, 2000, the District Court held that D'Angelo had not shown that Schlem provided ineffective assistance of counsel and the court thus denied D'Angelo his requested relief. The District Court held that the alleged errors by Schlem were strategic decisions, and that no nexus between Schlem's condition and his supposed errors had been established. The District Court also noted that Schlem had handled a similar trial before him and that his performance in that trial indicated no impairment. The District Court entered an Order to that effect on September 20, 2000.

D'Angelo now appeals from that Order.

We hold that the District Court correctly denied D'Angelo's latest motion. Rule 60(b)(6) is properly invoked when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the grounds for relief are not recognized in clauses (1)-(5) of the Rule. *See Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986). The catch-all provision does not permit relief to a client whose counsel has shown gross negligence absent a showing of exceptional circumstances, such as a mental disorder, or to a party who has made deliberate tactical decisions that do not stem from such a mental disorder. An attorney's misconduct only rises to the level contemplated by Rule 60(b)(6) in cases of "constructive disappearance" or a similar inability to provide adequate representation. *See United States v. Cirami*, 563 F.2d 26 (2d Cir.1977); *Nurani v. Marissa by GHR Industries*, 151 F.R.D. 32 (S.D.N.Y.1993). Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material. *See Cirami*, 563 F.3d at 33.

D'Angelo failed to demonstrate a nexus between his attorney's disorder and the alleged mistakes at trial. Furthermore,

Schlem's conduct at no time amounted to "constructive disappearance" or to an equivalent inability to provide adequate representation.

We have considered all of D'Angelo's arguments on appeal and we find them to be without merit. Accordingly, we AF-FIRM the order of the District Court.