In re AMERICAN PREFERRED
PRESCRIPTION, INC.,
Debtor.

Tracar, S.A., Appellant,

v.

Kenneth P. Silverman, as Chapter 11
Trustee for American Preferred Pre-
scription, Inc., et al., Appellees.

No. 99 CV 6108(DRH).

United States District Court,
E.D. New York.

Sept. 27, 2000.

Parker Chapin Flattau & Klimpl, LLP, by Joel Lewittes, New York City, for appellant.

Silverman Perlstein & Acampora LLP, by Eugene P. Cimini, Jr., Garden City, NY, for Kenneth P. Silverman, Chapter 11 Operating Trustee.

Meltzer, Lippe, Goldstein & Schlissel, P.C., by Thomas J. McGowan, Mineola, NY, for Cost Controls, Inc.

### MEMORANDUM AND ORDER

HURLEY, District Judge.

Pending before the Court is the motion of Kenneth P. Silverman, Esq. ("Silverman") for rehearing of the Court's June 23, 2000 Memorandum and Order. For the reasons that follow, the motion is denied.

### BACKGROUND

In its June 23, 2000 Memorandum and Order, the Court reversed an order of the United States Bankruptcy Court for the Eastern District of New York (Eisenberg, B.J.), dated August 25, 1999, and held that the Bankruptcy Court lacked subject matter jurisdiction to appoint Silverman as trustee following confirmation of the Chapter 11 reorganization plan (the "Plan") of American Preferred Prescription, Inc. and its affiliates ("APP" or the "Debtor"). Familiarity with this Court's June 23, 2000 Order is assumed and, accordingly, only those facts germane to the instant application are addressed.

The Bankruptcy Court issued three orders leading up to its August 25, 1999 Order and pertaining to Silverman's appointment. First, on April 11, 1997, just over one year after the Plan was confirmed, the Bankruptcy Court appointed Kenneth Silverman as trustee, pursuant to 11 U.S.C. § 105, to "have all the rights, duties and powers vested in a trustee appointed under Title 11 of the United States Code, including authorization to take possession of the debtor's property, to operate and manage the debtor's business pursuant to 11 U.S.C. § 1108, and to perform all of the duties of trustee prescribed in 11 U.S.C. § 1106(a)...." The April 11, 1997 Order was not appealed.

Next, by Order dated June 19, 1997, the Bankruptcy Court expanded Silverman's powers and duties to include the authority to investigate and settle all claims asserted

by and against the Debtor. No appeal was taken of the June 19, 1997 Order.

Finally, by Order dated June 24, 1998, the Bankruptcy Court "enlarged the Trustee's powers to that of a full operating trustee." This Order was also not appealed.

On May 17, 1999, Tracar, S.A. ("Tracar"), the holder of secured and unsecured claims against the Debtor totaling $6,684,107.00, filed a motion for an "Order Scheduling a Hearing to Remove the Trustee and to Dismiss all Pending Actions." Tracar argued, inter alia, that the Bankruptcy Court lacked subject matter jurisdiction to appoint Silverman as trustee post-confirmation. Recognizing that an objection to subject matter jurisdiction may be asserted at any time, by Order dated August 25, 1999, the Bankruptcy Court entertained, and denied, Tracar's motion, finding that it had post-confirmation jurisdiction to appoint Silverman pursuant to the Plan and 11 U.S.C. §§ 105(a) and 1142. The Bankruptcy Court also found that Tracar had consented to the Bankruptcy Court's continuing jurisdiction over the case pursuant to a Secured Guarantee and Subordination Agreement.

By Memorandum and Order dated June 23, 2000, I reversed this decision, holding that the Bankruptcy Court exceeded its subject matter jurisdiction in appointing Silverman as a post-confirmation trustee. Silverman now moves for reconsideration of this Order, arguing not that the Bankruptcy Court properly exercised its subject matter jurisdiction in appointing him, but rather that even assuming that the Bankruptcy Court lacked subject matter jurisdiction to do so, its erroneous exercise of jurisdiction is res judicata and not subject to collateral attack. Against that backdrop, the Court turns to the standard for reargument.

## DISCUSSION

### The Standard on Reargument

A motion for "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995); *see also Dietrich v. Bauer,* 76 F.Supp.2d 312, 327 (S.D.N.Y. 1999) ("[A] party may not advance new facts, issues or arguments not previously presented to the court.") (citations and internal quotation marks omitted). Here, the argument raised by Silverman on his motion for reargument was not raised in his papers below. Although such papers spoke generally of concepts of res judicata and collateral estoppel, they did not specifically address the argument now advanced, *viz,* that Tracar's attack on the Bankruptcy Court's order constitutes an impermissible collateral attack under res judicata principles. Nonetheless, the Court will grant reargument and address Silverman's new contention. *See Virgin Atl. Airways v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (stating that one of the major grounds justifying reconsideration is "the need to correct a clear error or prevent manifest injustice").

### Silverman's Motion is Denied

In *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), the Supreme Court held that a federal district court's erroneous exercise of subject matter jurisdiction is not subject to collateral attack. *Id.* at 171–72, 59 S.Ct. 134.

An erroneous affirmative conclusion as to the jurisdiction does not in any proper sense enlarge the jurisdiction of the court until passed upon by the court of last resort, and even then the jurisdiction becomes enlarged only from the necessity of having a judicial determina-

tion of the jurisdiction over the subject matter. When an erroneous judgment, whether from the court of first instance or from the court of final resort, is pleaded in another court or another jurisdiction the question is whether the former judgment is res judicata. After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of res judicata is made has not the power to inquire again into that jurisdictional fact. We see no reason why a court in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation.

*Id.* at 172, 59 S.Ct. 134; *see also Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 377, 60 S.Ct. 317, 84 L.Ed. 329 (1940) ("The court has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral action.").

The only exception to this rule involves a "clear usurpation of power by a district court, and not an error in determining whether it has jurisdiction." *Nemaizer v. Baker,* 793 F.2d 58, 65 (2d Cir.1986); *see also Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 155 n. 2 (2d Cir.1996) ("We note that a judgment rendered by a court assuming subject-matter jurisdiction and sustained on direct appeal is entitled to preclusive effect as long as the District Court did not 'plainly usurp jurisdiction' over the action.") (quoting *Nemaizer,* 793 F.2d at 65 and citing *Chicot County Drainage Dist.,* 308 U.S. at 377, 60 S.Ct. 317).

Inherent in Silverman's argument are two assumptions. First, that Tracar's motion to remove the trustee constituted a collateral attack and, next, that the Bankruptcy Court's orders appointing Silverman as trustee may be considered final decisions on the merits for res judicata purposes. The Court will address each one in turn.

### A. *Collateral Attack*

■ Silverman argues that Tracar's motion to remove the trustee constitutes an impermissible collateral attack on the subject matter jurisdiction of the Court. The Court disagrees. As an initial matter, the Court notes that all of the cases cited to by Silverman are distinguishable in that they involve challenges to a court's finding of jurisdiction, whether such a finding was explicit or implicit, which were brought in an action separate and distinct from the case where the finding of jurisdiction was made. By way of example, in *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987), a case emphasized by Silverman, a bankruptcy court issued an order confirming a Chapter 11 Plan of Reorganization which expressly released the guaranty of Dr. Joseph Shoaf ("Shoaf"), a non-debtor. *Id.* at 1047, 1049. This order was not objected to or appealed. *Id.* at 1047. In a separate action initiated by the beneficiary of the guaranty against Shoaf prior to confirmation, Shoaf raised the defense of res judicata, after the plan was confirmed, against the creditor's attempt to collect on the guaranty. *Id.* In reversing the lower court, the Fifth Circuit held that the doctrine of res judicata barred the creditor's suit to enforce the guaranty which was released under the confirmed plan as the creditor was barred from attacking the legality of the confirmation order in a collateral proceeding. Thus, under *Stoll* and its progeny, this case involved an impermissible collateral attack on a court's erro-

neous exercise of jurisdiction, i.e., an attack brought in a separate proceeding.[1] Silverman has cited no cases where, as here, a collateral attack was found to have occurred in the same proceeding.

### B. *Final Judgment on the Merits*

■ "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir.1999) (citation and internal quotation marks omitted). Thus, as a threshold matter, before an order may be deemed to have preclusive effect under the doctrine of res judicata, the prior decision must be "final."

■ Here, no authority has been cited by Silverman, nor has the Court's research produced a case, where an order appointing a trustee in a bankruptcy action, either pre-confirmation, or as done here, post-confirmation, has been held to be a final order for res judicata purposes. Instead, Silverman points to case law examining when a bankruptcy court's order may be considered final for purposes of appeal. The Court recognizes that for appellate purposes, "[t]he standard for finality in bankruptcy matters is more flexible than in ordinary civil litigation, because bankruptcy proceedings often continue for long periods of time and discrete claims are resolved from time to time over the course of the bankruptcy proceeding." *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d

Cir.1996) (citation omitted). The Court also recognizes "that the Courts of Appeals are not in total agreement on whether a district court order appointing a bankruptcy trustee is interlocutory or final" for purposes of appeal. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 470 (3d Cir.1998) (collecting cases). Nonetheless, the standard for finality for res judicata purposes is different than that applied when determining whether an order may be appealed.

■ In the seminal opinion *Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir.1961), Judge Friendly noted that a judgment that is not final for appellate purposes may nonetheless be considered final in the sense of precluding further litigation. Whether a ruling is sufficiently final for res judicata purposes "turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." *Id.* As Judge Friendly observed, " '[f]inality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.; see also United States v. McGann*, 951 F.Supp. 372, 381 (E.D.N.Y.1997) (*"Lummus* has been consistently followed by every circuit which has had occasion to address the issue.").

An application of the *Lummus* factors to this case leads the Court to conclude that

---

1. The Court notes that this case is also distinguishable as it is well-settled that the order under attack in *Shoaf*, an order confirming a plan of reorganization, is a final order for res judicata purposes. *See Stoll*, 305 U.S. at 170–71, 59 S.Ct. 134; *Sure–Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869, 872–73 (2d Cir.1991) (finding that order confirming plan of reorganization has preclusive ef-

fect under res judicata); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir.1990) ("This issue has been settled for some time: a bankruptcy court's order confirming a plan of reorganization is given the same effect as any district court's final judgment on the merits."). Here, as discussed *infra*, the issue is not as clear.

the three orders of the Bankruptcy Court appointing the trustee were not final orders within the context of res judicata. First, it cannot be said that the orders were "not avowedly tentative." As conceded by Silverman's counsel at oral argument before the undersigned, the orders issued by the Bankruptcy Court were capable of being revisited at any time had the circumstances surrounding the need for a trustee changed.

Next, there has been no claim here that the hearings leading up to the three orders were inadequate. However, it is unrefuted that the subject matter jurisdiction of the Bankruptcy Court to appoint the trustee was not raised, let alone decided, by the Bankruptcy Court in issuing its three orders. In fact, it was not until Tracar made its motion to remove the trustee that the issue of subject matter jurisdiction was addressed at all. As stated by the Court in its initial decision, and as acknowledged by the Bankruptcy Court in addressing Tracar's motion, an objection to subject matter jurisdiction may be raised at any time. *E.R. Squibb and Sons, Inc. v. Accident and Casualty Ins. Co.*, 160 F.3d 925, 929–30 (2d Cir.1998). Thus, this factor favors a finding of non-finality.

Finally, with regard to the opportunity for review, as discussed above, there is a split in authority as to whether an order appointing a trustee is final for appeal purposes. *See In re Marvel Entertainment Group, Inc.*, 140 F.3d at 470 (collecting cases). Such cases, however, pertain to the pre-confirmation appointment of a trustee under 11 U.S.C. § 1104. As discussed in the Court's June 23, 2000 Memorandum and Order, and as acknowledged by the Bankruptcy Court in its August 25, 2000 Order, the appointment of the trustee in this case was not made pursuant to 11 U.S.C. § 1104 but rather was done under 11 U.S.C. §§ 105(a) and 1142, allegedly pursuant to the court's post-confirmation jurisdiction. As the appointment of the trustee, then, implicated the subject matter jurisdiction of the Bankruptcy Court, an objection thereto was proper at any time during the bankruptcy case.

## CONCLUSION

For the reasons set forth above, Silverman's motion for reconsideration is denied.

**SO ORDERED.**