James TYSON, Plaintiff–Appellant,

v.

CITY OF NEW YORK, New York City Civil Service Commission, New York City Department of Personnel, and Fernando Feliciano, Defendants–Appellees.

No. 02–7517.

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

James Tyson, for Appellant, pro se.

Linda H. Young, City of New York Law Department, New York, N.Y., for Appellees.

Present: POOLER, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant James Tyson ("Tyson") appeals from the March 29, 2002 judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) denying Tyson's motion for reconsideration pursuant to Fed. R.Civ.P. 60(b)(2) and (3).

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. Generally, in November 1997, Tyson filed a complaint, *pro se,* pursuant to the Age Discrimination Act of 1967, 29 U.S.C. § 621 *et seq.,* and Title VII of the 1964 Civil Rights Act against the City of New York ("City") as a representative of the New York City Human Resources Administration, New York City Civil Service Commission, New York City Department of Personnel, and agent Fernando Feliciano (collectively "Defendants"). Tyson, an African–American who was 54 years of age at the time of the alleged discrimination, resigned from his employment with the Human Resources Administration on May 22, 1994. Thereafter, he sought and was denied reinstatement. He claimed that the City wrongfully denied him reinstatement. In a decision, entered October 29, 1999, the District Court granted summary judgment in favor of Defendants, finding that Tyson had not sufficiently set forth a prima facie case of race discrimination or age discrimination, and failed to establish his retaliation claims. On November 3, 1999, the District Court dismissed his case in the entirety and Tyson did not take an appeal from this dismissal.

On October 27, 2000, Tyson, *pro se,* moved for reconsideration pursuant to Rule 60(b)(2) and (3) claiming that he had discovered "crucial evidence" that "would likely change the result of the decision in this matter." He also claimed that Defendants submitted falsified evidence in support of its summary judgment motion. On March 29, 2002, the District Court denied this motion.

A district court order denying a Rule 60 motion is reviewed for abuse of discretion. *See Boule v. Hutton,* 328 F.3d 84, 95 (2d

**400**

Cir.2003). Because Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986).

■ Here, the District Court did not abuse its discretion in refusing to grant Rule 60(b) relief. Tyson was not entitled to relief under Rule 60(b)(2) because such relief is only available where the moving party establishes that there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Here, the "new evidence" consisted of documents produced to Tyson during discovery and before Defendants' filed their summary judgment motion. Further, such documents were not material but bore on a collateral issue, and thus would not have affected the outcome of this case. *See Boule*, 328 F.3d at 95.

■ Similarly, Tyson was not entitled to relief under Rule 60(b)(3) because such relief is only available if the moving party establishes by clear and convincing evidence that the opposing party engaged in fraud or other misconduct. *See Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir.1989). The District Court correctly found that there was no evidence of fraud and that Tyson's arguments regarding allegedly false documents were merely attempts to relitigate the summary judgment motion.

For these reasons, the Court hereby AFFIRMS the district court's order denying Tyson's motion for reconsideration.