**Andrew MURRAY, Plaintiff–Appellant,**

v.

**John CRUDO, Deputy Sheriff, Sgt. John Teabout, Jr., Capt. McGiven, Tour Commander, Supt. T'Bout, Sr., Albany County Jail, Defendants–Appellees.**

No. 03–0295.

United States Court of Appeals, Second Circuit.

May 13, 2004.

Andrew Murray, Wilton, NY, pro se.

Shawn F. Brousseau, Napierski, Vandenburgh & Napierski, Albany, NY, for Defendants–Appellees Crudo and Teabout.

Marie Flynn Danek, Phelan, Burke & Scolamiero, Albany, NY, for Defendants–Appellees McGiven, T'Bout, and Albany County Jail.

Present: MESKILL, LEVAL and CABRANES, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order of August 25, 2003 be and it hereby is **AFFIRMED,** and the appeal is **DISMISSED** insofar as it seeks

review of the District Court's March 31, 2003 judgment.

Plaintiff filed a complaint alleging that defendants were liable under 42 U.S.C. § 1983 for injuries resulting from an assault by another prisoner during his incarceration in an Albany County correctional facility. The District Court entered summary judgment in favor of all defendants on March 31, 2003. Plaintiff attempted to file a motion for reconsideration under Federal Rule of Civil Procedure 60(b), but his initial papers, received by the District Court on April 4, 2003, were rejected for failure to comply with local rules governing the filing of court documents. Plaintiff filed a motion for reconsideration that complied with local rules on April 21, 2003. The District Court denied that motion in an order entered on August 18, 2003. On August 25, 2003, plaintiff filed a notice of appeal to this Court, which challenges both the District Court's March 31, 2003 summary judgment in favor of defendants and the Court's August 18, 2003 order declining to reconsider its judgment.

On appeal, defendants argue that plaintiff's appeal is untimely insofar as it seeks review of the District Court's March 31, 2003 judgment, and that we must therefore restrict our review to the District Court's August 18, 2003 denial of plaintiff's motion for reconsideration. We agree.

Under Federal Rule of Appellate Procedure 4, a party must file a notice of appeal within thirty days of the entry of the judgment to be appealed, unless the party first files one of several post-judgment motions. See Fed. R.App. Proc. 4(a)(4)(A). If the party files a qualifying post-judgment motion, the 30–day period for timely appeal of the underlying judgment does not commence until the District Court disposes of the post-judgment motion. See id. Rule 4 further provides that, in order for a motion for reconsideration under Federal Rule of Civil Procedure 60, such as the one plaintiff filed in the District Court, to defer the beginning of the 30–day window for timely appeal, it must be filed within 10 days after entry of the judgment to be reconsidered. See Fed. R.App. Proc. 4(a)(4)(A)(vi).

Because plaintiff's April 21, 2003 motion for reconsideration was filed more than ten days after the District Court's March 31, 2003 judgment, that motion was not sufficient under Rule 4 to delay commencement of the 30–day period during which plaintiff could appeal the March 31, 2003 judgment to this Court. Accordingly, plaintiff's notice of appeal, which he postponed filing until August 25, 2003, one week after the District Court disposed of his motion for reconsideration, is untimely insofar as it seeks review of the District Court's March 31, 2003 judgment.[1]

With respect to the District Court's August 18, 2003 denial of plaintiff's motion for reconsideration, we have considered plaintiff's arguments on appeal, and we hold that the District Court did not abuse its discretion in concluding that they are without merit. Plaintiff failed to argue in his Rule 60(b) motion any of the enumerated reasons by which a party may obtain relief under Rule 60(b) and failed to show that the kind of "extraordinary judicial relief" allowed by Rule 60(b) was warranted. See *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir.1994); *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986).

Accordingly, the District Court's order of August 25, 2003 is **AFFIRMED**, and the appeal is **DISMISSED** insofar as it

---

1. In any event, with respect to plaintiff's appeal from the summary judgment of March 31, 2003, we agree with the District Court that plaintiff presented no evidence that could sustain a finding that the defendants violated plaintiff's constitutional rights.

seeks review of the March 31, 2003 judgment.