**Luya LIU, Plaintiff–Appellant,**

v.

**KINOKUNIYA COMPANY, LTD., Kino-kuniya Publications Service of New York Co., Ltd., Kinokuniya Bookstore, Defendants–Appellees.**

No. 05–1349–CV.

United States Court of Appeals, Second Circuit.

Dec. 29, 2005.

John F. Triggs (Joseph M. Manak, Scott Gelin on the brief), Greenberg Traurig LLP, New York, N.Y. for Defendants–Appellees.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Rosemary S. POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

Luya Liu ("Liu"), *pro se,* appeals from the denial of her Rule 60(b) motion to vacate the district court's dismissal of her copyright infringement claims. We assume familiarity with the facts, the procedural history, and the issues on appeal. This Court reviews a denial of a Rule 60(b) motion for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998).

A Rule 60(b) motion is granted only upon a showing of exceptional circumstances, and cannot be used to relitigate the merits. *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986). Liu cites Rule 60(b)(3), claiming that the district court's judgment should be vacated because defendants defrauded the district court. A party seeking vacatur under Rule 60(b)(3) must establish the opposing party's fraud by clear and convincing evidence. *Fleming v. New York Univ.,* 865 F.2d 478, 484 (2d Cir.1989). Liu provides no such evidence. The 60(b) motion merely labeled several of defendants' trial maneuvers as fraudulent, neither explaining, or providing support as to why these maneuvers were fraudulent, or providing evidence in support. The district court did not abuse its discretion in denying Liu's 60(b) motion to vacate judgment.

For the foregoing reasons, we AFFIRM the judgment of the district court.