On Application for Rehearing

LYONS, Justice.
On August 25, 2009, this Court issued its opinion on original submission in an appeal by the Jefferson County Commission and several officials of Jefferson County (hereinafter collectively “the County”) upholding the decision of the Jefferson Circuit Court that effectively repealed Jefferson County’s authority to impose an occupational tax. The County states in its application for rehearing:
“[The County] argued before the trial court that the JCEA decision,[1] and the subject matter of that court, was unassailable by collateral attack. This Court’s holding foreclosing [the County] from making arguments in support of that position is both unnecessarily draconian and incorrect as a matter of law.”
County’s rehearing application, at 2. The County advanced, for the first time on appeal, its contention that so long as a court’s subject-matter jurisdiction is merely arguable, the court’s decision is not subject to collateral attack. Without becoming bogged down in the semantics of what constitutes a new theory and what constitutes merely an argument in support of an existing theory, as well as whether confining an appellant to issues presented to the trial court is “Draconian,” suffice it to say that we reject on its merits the rule from Fafel v. DiPaola, 399 F.3d 403, 411 (1st Cir.2005) (citing Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir.1986)), that if a court has merely an “ ‘arguable basis’ for concluding that it has subject-matter jurisdiction, the judgment it enters may not be collaterally attacked as void.” We decline to engraft such a limitation on our existing precedent as expressed in Randolph County v. Thompson, 502 So.2d 357, 362 (Ala.1987), cited as controlling by both the County and the taxpayers challenging the occupational tax, the plaintiffs in the trial court. This Court in Randolph County quoted with approval 49 C.J.S. Judgments *591 § 414 (1947), which recognized the right of a stranger to the proceeding in which the judgment was entered to impeach the validity of the judgment in a collateral proceeding ivhen the judgment is void. Either subject-matter jurisdiction exists or it does not exist, and the concept of a “twilight zone” that would immunize a judgment from collateral attack when in truth the court issuing the judgment had no subject-matter jurisdiction is inconsistent with our precedent.
The remaining issues raised by the County having been thoroughly considered on original submission, the application for rehearing is overruled.
APPLICATION OVERRULED.
COBB, C.J., and STUART, SMITH, PARKER, and SHAW, JJ., concur.
WOODALL, BOLIN, and MURDOCK, JJ., recuse themselves.

. A decision of the Jefferson Circuit Court, Judge William A. Jackson, in Jefferson County Employees' Association et al. v. Jefferson County, Alabama, et al. (CV-00-0297), holding Act No. 99-669, Ala. Acts 1999, unconstitutional, which, in our August 25, 2009, opinion we held was void for lack of subject-matter jurisdiction.