13-4039-cv
*Boca Raton Firefighters and Police Pension Fund v. Bahash*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand fourteen.

PRESENT:   JOSÉ A. CABRANES,
           CHESTER J. STRAUB,
           DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*

---

CLAUDE A. REESE, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

     *Plaintiff*,

BOCA RATON FIREFIGHTERS AND POLICE PENSION FUND,

     *Plaintiff-Appellant*,

       v.                                          No. 13-4039-cv

ROBERT J. BAHASH, THE MCGRAW-HILL COMPANIES, INC.,
HAROLD MCGRAW, III,

     *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          SUSAN K. ALEXANDER (Andrew S. Love,
                                      Robbins Geller Rudman & Dowd LLP, San
                                      Francisco, CA; Samuel H. Rudman, Mark T.
                                      Millkey, Erin W. Boardman, Robbins Geller
                                      Rudman & Dowd LLP, Melville, NY; David J.

George, Robert J. Robbins, Robbins Geller Rudman & Dowd LLP, Boca Raton, FL; Robert Sugarman, Sugarman & Susskind, Coral Gables, FL, *on the brief*), Robbins Geller Rudman & Dowd LLP, San Francisco, CA.

**FOR DEFENDANTS-APPELLEES:** SUSAN BUCKLEY (Floyd Abrams, Tammy L. Roy, Jason M. Hall, *on the brief*), Cahill Gordon & Reindel LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff Boca Raton Firefighters and Police Pension Fund, on behalf of itself and a putative class of former shareholders of The McGraw-Hill Companies, Inc. ("McGraw-Hill"), appeals from the District Court's September 24, 2013 order denying plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and plaintiff's motion for leave to amend its complaint pursuant to Federal Rules of Civil Procedure 15(a) and (d). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

Plaintiff brought this putative securities fraud class action nearly seven years ago against The McGraw-Hill Companies, Inc. and two of its executive officers alleging violations of the Securities and Exchange Act of 1934. Plaintiff alleges that the company's financial services division, Standard & Poor's ("S&P"), made material misstatements touting the integrity, independence, and surveillance of its ratings of residential mortgage-backed securities ("RMBS") and collateralized debt obligations ("CDOs") when, according to plaintiff, ratings criteria were in fact driven by defendants' desire to preserve market share, please clients, and increase profits. After nearly five years of litigation and affording plaintiff multiple opportunities to amend its complaint, the District Court dismissed plaintiff's second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Reese v. McGraw-Hill Cos.*, No. 08 Civ. 7202, 2012 WL 9119573 (S.D.N.Y. Mar. 30, 2012). We affirmed. *See Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32 (2d Cir. 2012).

Several months after this Court affirmed the District Court's dismissal, plaintiff filed a motion for relief from judgment and a motion for leave to amend its complaint. Plaintiff cited supposedly "newly discovered evidence"—in the form of a complaint filed by the U.S. Department of Justice against McGraw-Hill and S&P in the U.S. District Court for the Central District of California, and a previously sealed deposition transcript of S&P's former head of RMBS ratings from another case—which plaintiff contends cures the defects in its second amended complaint.[1] After thoroughly reviewing plaintiff's lengthy submissions, the District Court denied the motions, finding that the new evidence "would not have changed [the District] Court's previous ruling and is

---

[1]    We previously denied plaintiff's motion to take judicial notice of the deposition transcript during plaintiff's prior appeal. *Boca Raton*, 506 F. App'x at 36 n.4.

cumulative of plaintiffs' previous allegations in its nature and purpose, if not in all its details." *Reese v. McGraw-Hill Cos.*, 293 F.R.D. 617, 623 (S.D.N.Y. 2013).[2] This appeal followed.

## DISCUSSION

We review a district court's denial of relief from judgment for abuse of discretion. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). Rule 60(b)(2) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered" within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 60(b)(2). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The party seeking relief from judgment bears the burden of meeting the following "onerous" standard:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Id.* at 392. "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). A court abuses it discretion only when "(1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (per curiam).

After review of the record and relevant case law, we conclude that the District Court was well within its discretion in denying plaintiff's motion for relief from judgment and motion for leave to amend for the reasons stated in its September 24, 2013 order. As the District Court found, the new evidence does not alter the District Court's and this Court's previous conclusion that defendants' statements regarding the "independence" and "integrity" of their ratings constitute "mere commercial puffery." *Boca Raton*, 506 F. App'x at 34, 37 (citing *City of Omaha, Neb. Civilian Emps.' Ret. Sys. v. CBS Corp.*, 679 F.3d 64, 67 (2d Cir. 2012)). Alleged new evidence showing that, for example, S&P slowed the roll out of a new ratings model that might negatively affect CDO ratings, S&P analysts discussed that CDO issuers were upset by subprime RMBS ratings downgrades, or S&P may have been concerned about market share and profits, does not alter the "generic, indefinite nature" of the statements at issue or demonstrate why they are false. *Id.* at 37. As the District Court correctly observed, these statements are too general to cause a reasonable investor to rely upon them as a guarantee that ratings would not be made without regard to profits, market

---

[2]      Plaintiff also filed a motion to file a supplemental brief with additional, recently discovered evidence, which the District Court also denied in its September 24, 2013 order. Plaintiff does not appeal the denial of that motion. Appellant's Br. 6 n.4.

3

share, or client feedback. *See ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009).[3]

The District Court also did not abuse its discretion in deciding that the new evidence fails to demonstrate with particularity why defendants' statements regarding their surveillance practices were false. *See* Fed. R. Civ. P. 9(b) (requiring fraud claims to be "state[d] with particularity"). Alleged new evidence showing that, for example, RMBS downgrades did not result in immediate downgrades of CDOs collateralized by those securities, or S&P analysts sometimes based their CDO ratings on older default rate assumptions, does not demonstrate with particularity why defendants' statements that ratings were "reviewed regularly," or that the surveillance process was "fully integrated," were false. Put simply, the alleged misstatements do not state precisely how or when S&Ps ratings would be updated, and the new evidence does not show with particularity how S&P's surveillance process was inconsistent with those statements.

Because the District Court's denial of plaintiff's motion for relief from judgment was well within its discretion, its denial of plaintiff's motion for leave to amend was likewise not an abuse of discretion.

## CONCLUSION

We have considered all of plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the September 24, 2013 order of the District Court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

STRAUB, *Circuit Judge*, dissenting:

I respectfully dissent because I believe the new evidence to be sufficient to assert that the statements previously found to be but puffery were not believed when made and may provide the basis for actionable material misrepresentations with the requisite *scienter*. Therefore, I would remand for such further consideration.

---

[3] Plaintiff also argues that the District Court committed legal error by considering the "nature of the statements themselves" without regard to the context of the new evidence. Appellant's Br. 30–31; *see Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1321 (2011) (stating that materiality is "a fact-specific inquiry" requiring consideration of "source, content, and context"). The District Court, however, plainly analyzed the alleged misstatements in light of the new evidence and found that "plaintiffs have not show[n] why these statements are misleading as a result of their new evidence." *Reese*, 293 F.R.D. at 624.