09-1930-cv
Ibok v. Sec. Indus. Automation Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand and ten.

Present:
> JOSEPH M. McLAUGHLIN,
> > *Circuit Judge,*
> DENNY CHIN,[*]
> > *District Judge.[**]*

---

NYENEIME IBOK,

> *Plaintiff-Appellant,*

-v-                                                    (09-1930-cv)

SECURITIES INDUSTRY AUTOMATION CORP., and SECTOR, INC.,

> *Defendants-Appellees.*

---

Appearing for Plaintiff-Appellant:          Nyeneime Ibok, pro se, Alpharetta, Georgia

---

[*] The Honorable Denny Chin, United States District Court for the Southern District of New York, sitting by designation.

[**] The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appearing for Defendants-Appellees:     Lloyd B. Chinn, Proskauer Rose, LLP, New York, N.Y. (Thomas A. McKinney, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellant Nyeneime Ibok, proceeding pro se, appeals the district court's grant of summary judgment dismissing his claims of discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 and New York City Human Rights Law § 8-107. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment de novo, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Here, an independent review of the record and relevant case law reveals that the district court properly granted the defendants' motion for summary judgment with respect to Ibok's racial discrimination and hostile work environment claims. We affirm the district court judgment for substantially the reasons stated by the district court in its thorough and well-

reasoned memorandum opinion and order.

However, the district court erred in granting summary judgment to the defendants with respect to Ibok's retaliation claims. Such claims are evaluated according to the *McDonnell Douglas* burden-shifting framework. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 208 (2d Cir. 1990). First, the plaintiff must prove a prima facie case by presenting evidence sufficient to permit a rational trier of fact to find that (1) he participated in a protected activity, (2) the defendant knew about this activity, (3) he experienced an adverse employment action, and (4) a causal connection existed between the protected activity and the adverse employment action. *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001). In this context, an adverse action is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). A temporal relationship between the protected activity and the adverse action—even when they are as much as five months apart—can establish a prima facie case of retaliation. *Gorzynski v. Jetblue Airways Corp.*, ___ F.3d ___, 2010 WL 569367, at *15 (2d Cir. Feb. 19, 2010).

If the plaintiff meets his initial burden, "the defendant must articulate legitimate non-discriminatory reasons for its actions, whereupon the plaintiff bears the burden of showing that the defendant's explanations are pretext for the true discriminatory motive." *Holt v. KMI-Continental*, 95 F.3d 123, 130 (2d Cir. 1996). Evidence of pretext may include, among other things, the fact that (1) the plaintiff's alleged harasser generated much of the evidence supporting the non-retaliatory justification, *see Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 770 (2d Cir. 1998); (2) evaluations of the plaintiff post-dating the protected activity contradict earlier evaluations, *see Treglia v. Town of Manlius*, 313 F.3d 713, 722 (2d Cir. 2002); and (3) there is a strong temporal relationship between the protected activity and the adverse action, *see*

*Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 180 (2d Cir. 2005). A plaintiff sufficiently demonstrates pretext if he shows that "a retaliatory motive played a part in the adverse employment actions even if it was not the sole cause." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010).

New York City Human Rights Law § 8-107 also forbids retaliation and must be applied at least as broadly as its federal counterpart. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009).

Here, Ibok suffered adverse actions in the form of warnings, a negative performance review, the elimination of his shift, and, ultimately, his firing. *See Burlington N. & Santa Fe Ry.*, 548 U.S. at 68. The district court erroneously concluded that the warnings and performance review preceded Ibok's protected activity, which it found occurred in late August 2004. However, construing Ibok's declaration and Simone's deposition testimony in the light most favorable to Ibok, we find there is evidence that Ibok complained about racial discrimination in April 2004. There is also evidence that he did so again in August 2004, roughly five months before being fired. Thus, all of the adverse actions actually followed on the heels of protected activity. Given this temporal relationship, Ibok can establish a prima facie case of retaliation. *See Gorzynski*, 2010 WL 569367, at *15.

The defendants attempt to justify their adverse actions on non-retaliatory grounds, but we find there is a genuine issue of material fact as to whether these justifications are pretextual. *See Holt*, 95 F.3d at 130. Initially, we conclude that a reasonable jury could find that the warnings and negative performance review were, at least in part, retaliatory based on (1) the strong temporal relationship between the protected activity and the adverse actions, *see Jute*, 420 F.3d at 180; (2) the disputed facts underlying the final warning; (3) the negative performance review's

4

assertion that Ibok had "consistently shown an inability to work with . . . team members and management," when a review that predated the protected activity dubbed him a "team player," *see Treglia*, 313 F.3d at 722; and (4) the significant role that Ibok's alleged harassers, Simone and Ward, played in issuing the warnings and negative performance review, *see Quinn*, 159 F.3d at 770.

We further conclude that there is a genuine issue of material fact as to whether the justification for Ibok's firing is pretextual. Although the defendants have offered a legitimate business explanation for the elimination of Ibok's shift, this does not necessarily explain why Ibok was not retained in some capacity. Notably, Ibok's firing came shortly after a new technician was hired, and just before another technician's workweek was expanded. The defendants attempt to justify their decision not to retain Ibok based on his disciplinary record, but, as discussed, much of this record is potentially tainted by retaliatory animus.

Therefore, the district court erred in granting summary judgment on Ibok's retaliation claim under Title VII and, consequently, his retaliation claim under New York City Human Rights Law § 8-107. *See Loeffler*, 582 F.3d at 278.

We have carefully considered Ibok's other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED in part, VACATED in part**, and **REMANDED** for further proceedings consistent with this order. On remand, the district court may consider Ibok's motion to include the defendants' "true business name(s)" in the caption.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk