SUMMARY ORDER

Plaintiff-appellant Adrogué Chico, a now-defunct real estate development company in Argentina, appeals from the final judgment entered June 25, 2010 dismissing its complaint against defendant-appellee FleetBoston Financial Corporation (the “Bank”), and an order entered July 30, 2010 denying plaintiffs motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the judgement. The district court held that Adrogué Chico was precluded from continuing its suit under the doctrines of international comity and judicial estoppel because- it failed to disclose the present claim against the Bank during its 2001 bankruptcy proceedings in Argentina. Following entry of summary judgment, Adrogué Chico moved under Rule 60(b) for relief from the judgment, and the district court denied the motion. We assume the parties’ familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.
We review an order granting summary judgment de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the non-movant’s favor. City of Pontiac Gen. Empl. Ret. Sys. v. MBIA, Inc., 637 F.3d 169, 173 (2d Cir.2011). A motion seeking Rule 60(b) relief is reviewed for abuse of *45 discretion. See Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir.1986). On appeal, Adrogué Chico argues that the district court: (1) erred in granting summary judgment; and (2) abused its discretion in denying Adrogué Chico’s Rule 60(b) motion.
The purpose of judicial estoppel is to protect the integrity of the courts. New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Under its 2001 Argentinian plan of reorganization, Adrogué Chico was required to repay only forty percent of its debts to its creditors, which would receive only approximately $2.7 million. It was relieved of approximately $6.7 million in pre-petition debt. Adrogué Chico obtained this relief based on, inter alia, its disclosure of its assets. Yet, it never disclosed what was arguably its largest asset — a $10 million claim against the Bank — even though, as it acknowledges on appeal, it was required by Argentine law to do so.
For substantially the reasons set forth in the district court’s thoughtful and well-reasoned opinion and order, the judgment and order of the district court are hereby AFFIRMED, with costs. We have considered appellant’s other arguments on appeal and have found them to be without merit.