11-1494-cv
Ibok v. SIAC-Sector, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT:

> JOSEPH M. McLAUGHLIN,
> RICHARD C. WESLEY,
> *Circuit Judges,*
> J. GARVAN MURTHA,[*]
> *District Judge.*

---

Nyeneime Ibok,

> *Plaintiff-Appellant*,

v.                                              11-1494-cv

SIAC-Sector Inc., New York Stock Exchange, John Thain, Dick Grasso, Robert Britz, Fred Del Gaudio, Louis Modano, Edward Szcepanski, Ronald Perone, Jeffery Simone, Richard Ward, Ralph Maldonado, NYSE Group, Inc., as successor-in-interest,

> *Defendants-Appellees*.

---

FOR PLAINTIFF -APPELLANT:          NYENEIME IBOK, *pro se*, Alpharetta, GA

FOR DEFENDANTS -APPELLEES:          LLOYD B. CHINN, Proskauer Rose LLP, New York, NY

---

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Nyenieme Ibok, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) granting defendants-appellees' motion to dismiss Ibok's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because Ibok failed to disclose his claims to the bankruptcy trustee when he filed for bankruptcy in 2009. He also appeals from the district court's decisions denying as untimely his Rule 60 motion for relief from the district court's 2009 decision granting summary judgment to appellees,[1] as well as his motion for sanctions against appellees' counsel. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). To the extent that a Rule 12(b)(1) motion places jurisdictional facts in dispute—in this case, whether Ibok disclosed the underlying lawsuit in his bankruptcy proceedings—a district court may properly consider evidence outside of the pleadings. *Id.*; *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). On appeal, Ibok argues that (1) while he did not disclose his lawsuit against appellees in writing before the bankruptcy court, he orally disclosed it to the bankruptcy trustee; and (2) his failure to do so in writing was inadvertent and/or based on a good faith mistake, thus precluding the application of judicial estoppel to his lawsuit.

---

[1] This Court vacated, in part, that 2009 decision. *See Ibok v. Sec. Indus. Automation Corp.*, 369 F. App'x 210 (2d Cir. 2010) (summary order) .

2

We conclude that the district court properly dismissed Ibok's complaint on the basis of judicial estoppel. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *Androgue Chico S.A. v. FleetBoston Fin. Corp.*, 427 F. App'x 43, 45 (2d Cir. 2011) (summary order). This doctrine is commonly applied in order "to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." *Coffaro v. Crespo*, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010) (internal quotation marks omitted). Here, Ibok concedes that he failed to make a written disclosure of the existence of his claims as required under the bankruptcy code. As a result, he is barred from pursuing his claim here.

Ibok's alleged oral disclosure of his lawsuit was insufficient to satisfy his disclosure obligations under the bankruptcy code, which requires a debtor to file complete and accurate schedules relating to his finances. *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122-23 (2d Cir. 2008). In any event, even if oral disclosure were sufficient, the evidence submitted by appellees demonstrated that Ibok made no such oral disclosure at any time during his bankruptcy proceedings. Moreover, Ibok's contention that his failure to disclose his claims was a good faith mistake is unavailing. Given that Ibok was pursuing an appeal in this lawsuit at the time he filed for bankruptcy, his failure to disclose it cannot be deemed inadvertent, especially considering that he disclosed other lawsuits in his petition to the bankruptcy court.

We also reject Ibok's contention that the district court erred by denying his motions for sanctions and for relief pursuant to Rule 60(b). After having reviewed Ibok's contentions on appeal and the record of proceedings below, we conclude that the district court did not abuse its discretion in the denial of either motion. *See, e.g.*, *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011); *Fishoff v. Coty Inc.*, 634 F.3d 647, 655 (2d Cir. 2011).

3

We have considered all of Ibok's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court dismissing Ibok's complaint and denying his motions for sanctions and for relief pursuant to Rule 60(b) is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk