ENTRAL GROUP INTERNATIONAL, LLC., Plaintiff–Appellee,

v.

7 DAY CAFE & BAR and Chun Hon Chan, Defendants–Appellants,

Yu Yip, Defendant.

No. 07–1122–cv.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

David J. Hoffman, New York, N.Y., for Appellants.

G. Oliver Koppell, New York, N.Y., for Appellee.

Present: WILFRED FEINBERG, RALPH K. WINTER and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

**AFTER ARGUMENT AND UPON CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellants, 7 Day Cafe & Bar, Inc. ("7 Day Cafe") and Chun Hon Chan, appeal a June 7, 2007 order by the district court denying their renewed application to vacate a default judgment.

We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal. We simply note here that the decision on appeal addressed appellants' second attempt to vacate the default judgment. Appellants initially sought vacatur on the ground that they were never served. Following the district court's denial of that motion, appellants filed a declaration, asserting that they were "mistaken" in their previous testimony, and were in fact served. This time, they sought vacatur on the ground that Entral engaged in fraud by failing to inform the district court that soon after the complaint was served, an attorney for appellants, Rosenthal, had discussed the possibility of settlement with counsel for Entral and that the parties agreed that appellants' time to file an answer would be extended "indefinitely," while they attempted to negotiate a settlement. They submitted a letter from Rosenthal to the attorney for Entral that purportedly memorialized this understanding. Counsel for Entral does not recall receiving this letter, but admits to having a conversation during which he agreed not to move for default judgment during such time as the parties were engaged in "meaningful settlement discussions."

As an initial matter, we decline to consider appellants' arguments that: (1) Entral's failure to comply with Rules 55(b)(1) and (b)(2) of the *Federal Rules of Civil Procedure* justifies vacating the default judgment; and (2) Entral has failed to establish the personal liability of Chan for the copyright infringement. Our review of the record reveals that those arguments were not raised below. "In general, a federal appellate court does not consider an issue not passed upon below," *Baker v. Dorfman,* 239 F.3d 415, 420 (2d Cir.2000), and we see no reason to depart from that general rule here.

■ What is left then is appellants' argument that the district court abused its discretion in refusing to set aside the default judgment under Rule 60(b). "Under Rule 60(b)(3), a district court may relieve a party from a final judgment for 'fraud.' In addition, Rule 60(b) allows a court to set aside a judgment for fraud on the court." *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 176 (2d Cir.2004). "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations," *Fleming v. N.Y. Univ.,* 865 F.2d 478, 484 (2d Cir.1989), and to prevail "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank,* 374 F.3d at 176. We conclude that the district court did not err. "Where a movant admits that a letter that the other party supposedly concealed was already present in the movant's files, it cannot claim that it was prevented from fully presenting its case." *Id.* Here, appellants admit that they received notice of the lawsuit and the filings pertaining to default and default judgment; they cannot claim that they were prevented from fully presenting their case by virtue of Entral's alleged failure to report the letter to the court. In addition, appellants have not shown that the default was not willful, that they have a meritorious defense, and that Entral will not suffer prejudice from vacatur. *State St. Bank,* 374 F.3d at 166–67.

Relatedly, appellants also appear to assert that Entral engaged in fraud by violating ABA Disciplinary Rule 7–104(A)(1)'s No Contact Rule in that they mailed the court filings to appellants, rather than their attorney, Rosenthal. We find no support for this contention, nor the claim that such actions would warrant vacatur under Rule 60(b).

 We also find no merit in appellants' contention that the district court erred in refusing to set aside the damage award because it was based on "patently false" statements in Entral's declarations. The district court—which repeatedly sought supplemental briefing on the issue of damages—did not base its damage calculations on the statements at issue, but rather on the wilfulness of appellants' actions, as permitted by 17 U.S.C. § 504(c)(2). We see no error in the finding that appellants acted wilfully, *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.,* 166 F.3d 65, 74 (2d Cir.1999), as there was evidence that appellants continued to use the infringing works even after receiving a cease and desist letter from Entral. Appellants have made no effort to deny or counter this finding. *See Island Software and Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 263 (2d Cir.2005). And, the refusal to appear after receiving notice further supports a finding of wilfulness.

Accordingly, the judgment of the district court hereby is AFFIRMED.