11-757-cr
United States v. Mason

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand twelve.

PRESENT: GUIDO CALABRESI,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                No. 11-757-cr

BRUCE H. MASON,
*Defendant*,

JUDY MARTINO MASON,
*Claimant-Appellant*.[*]

-----------------------------------------------------------------------


FOR APPELLANT:        Judy Martino Mason, *pro se*, Glen Allen, Virginia.

FOR APPELLEE:         Kevin P. Dooley, Paula Ryan Conan, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

_____

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

Appeal from an order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on December 28, 2010, is AFFIRMED.

Judy Martino Mason appeals pro se from the denial of her Fed. R. Civ. P. 60(b) motion seeking relief from an earlier denial of a Fed. R. Crim. P. 41(g) motion for return of seized property. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review the denial of a Rule 60(b) motion for abuse of discretion, see Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998), which we will only identify where the decision rests on legal error or clearly erroneous factual finding, or falls outside the range of permissible decisions, see RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 316 (2d Cir. 2003). We identify no such abuse here.

Fed. R. Civ. P. 60(b)(3) states that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or misconduct by an opposing party." Such relief "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits" of the underlying decision. Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989). Here, the district court found that Mason did not carry this burden with respect to the government's representation that a seized fire alarm panel is no longer in its possession. The government's statement that it discarded the alarm panel because it suffered "smoke and heat damage" and

2

was "filthy," App. 255, is not so inconsistent with Mason's evidence indicating that the alarm panel was not burned and that the alarm's memory "would not have been damaged by what little heat or fire impinged on" it, App. 54, as to demonstrate fraud or material misrepresentation clearly and convincingly. Nor is such an inference compelled by evidence that the government denied a defense witness's pretrial requests to examine the alarm panel.

Although Mason failed to carry her burden of proof under Rule 60(b)(3), there is no question that her reasons for seeking relief from judgment fell within that specific clause, precluding her from seeking relief alternatively under Rule 60(b)(6). See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391–92 (2d Cir. 2001). Thus, the district court also acted within its discretion in denying Mason Rule 60(b)(6) relief.

We have considered Mason's remaining arguments and conclude that they are without merit. Accordingly, the district court's order is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court