Mina **BRESLOW** and Ronald Breslow, Plaintiffs,

v.

Mark **SCHLESINGER,** and James F. Lima, and John Hulme in personam, and the Motor Yacht "Pelican", its engines, boilers, tackle, appurtenances, etc., in rem, Defendant.

John Hulme, Third–Party Plaintiff,

v.

Garth Puchert, Third–Party Defendant.

No. CV 10–4069.

United States District Court, E.D. New York.

Aug. 7, 2012.

---

Friedman, James & Buchsbaum LLP by John P. James, Esq., New York, NY, for Plaintiffs.

Mark Schlesinger, Long Beach, NY, pro se.

The Law Office of John T. Ryan & Associates by Timothy J. Murphy, Esq., Riverhead, NY, for Defendant James F. Lima.

Kaufman Dolowich & Voluck LLP by Michael V. Desantis, Esq., Woodbury, NY, for Defendant and Third–Party Plaintiff John Hulme.

Longo & D'Apice, Esqs. by Mark A. Longo, Esq., Brooklyn, NY, for Defendant Garth Puchert.

Hodgson Russ LLP by Carmine Joseph Castellano, New York, NY, for Third–Party Defendant Garth Puchert.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs Mina Breslow and Ronald Breslow (the "Plaintiffs") commenced this action to recover damages for injuries suffered when Mina Breslow fell while boarding the Motor Yacht "Pelican," owned by defendant Mark Schlesinger. Ronald Breslow, plaintiff Mina Breslow's husband, sues for loss of consortium. Plaintiffs allege that the defendants were involved with obtaining and/or placing a gangplank-like apparatus between the dock and the boat, from which the plaintiff Mina Breslow fell. By a Stipulation and Order of Partial Dismissal so ordered by this court on March 21, 2011, Plaintiffs released defendant Garth Puchert with prejudice, allegedly after Puchert's defense counsel represented that Puchert had no involvement in the procurement or placement of the gangplank. Plaintiffs now move to vacate the Order, as well as the March 1, 2011 release upon which that Order is based, pursuant to

Rule 60(b) of the Federal Rules of Civil Procedure, claiming that subsequent discovery in the action revealed the Puchert was indeed involved in the conduct at issue in the complaint.

### BACKGROUND

I. *Factual and Procedural History*

The first complaint in this action was filed in September 2010, seeking damages for injuries suffered by the plaintiff Mina Breslow while boarding the Motor Yacht "Pelican." The defendants in that complaint were Mark Schlesinger, owner, and the Motor Yacht "Pelican" *in rem*. In October 2010, an amended complaint was filed adding claims against defendants Garth Puchert and James F. Lima, and in December 2010, defendant Puchert answered the amended complaint, and asserted cross-claims against defendants Mark Schlesinger, James Lima and the Motor Yacht "Pelican."

In his affidavit in support of the present motion,[1] Plaintiffs' counsel asserts that at an initial discovery conference before Magistrate Judge A. Kathleen Tomlinson on January 28, 2011, defendant Puchert's personal attorney, Heidi Sorvino, Esq. of Lewis Brisbois Bisgaard & Smith LLP[2], claimed that Puchert had nothing to do with the placement of the gangplank-like structure, that Plaintiffs' claims were frivolous, and threatened to move to dismiss and seek sanctions. See Affidavit of John P. James (the "James Aff.") ¶ 8. Sorvino continued these assertions in subsequent private conversations with Plaintiffs' counsel. James Aff. ¶ 9.

Plaintiffs' counsel affirms that Ms. Sorvino claimed that she based this knowledge on conversations she had with Randi Johnson, Esq., counsel for co-defendant James Lima, who allegedly said that Lima would testify that he placed the gangplank with someone else—John Hulme—who at that point, was not a defendant in the case. James Aff. ¶ 9. James attempted to discuss this further di-

---

**1.** In support of this motion, counsel for Plaintiffs, John P. James, refers the court to his Affidavit of September 16, 2011, previously submitted in opposition to a different motion for recitation of the facts of the case.

**2.** Defendant Puchert's answer and cross-claims were filed by counsel appointed by his insurance company, Longo & D'Apice.

rectly with Ms. Johnson, but was unable to reach her, and she subsequently left that law firm. The new attorney on the matter did not confirm any knowledge of how Lima would testify. James Aff. ¶ 10–12.

Plaintiffs' counsel and Ms. Sorvino ultimately agreed that Plaintiffs would dismiss Puchert from the action through a Stipulation of Dismissal with prejudice, the parties would exchange releases, and the Plaintiffs would pay Puchert $7,500.00 for his attorneys' fees. Interestingly, Plaintiffs' counsel states that he told Ms. Sorvino that "if my client's (sic) could not identify Puchert as having involvement in the placement of the 'gangway,'" he would consider dismissing Puchert. James Aff. ¶ 10. Further, James affirms that his clients advised him that while they thought "[Puchert] was involved or knew about the placement of the 'gangway' they could not say to a certitude that Puchert was actually involved in placing the 'gangway.'" James Aff., ¶ 13. Apparently satisfied, releases [3] were exchanged, and a Stipulation and Order of Partial Dismissal with prejudice was signed and so ordered by the court on March 21, 2011 (the "Order").

On April 4, 2011, Plaintiffs filed a second amended complaint, alleging that an additional defendant John Hulme, along with Schlesinger and Lima, caused Plaintiffs' injuries. When, on May 9, 2011, defendant James Lima answered the complaint, he asserted cross-claims against Schlesinger, Puchert and Hulme. In June 2011, defendant John Hulme answered the second amended complaint, asserting cross-claims against his co-defendants Mark Schlesinger and James F. Lima. Thereafter, in July 2011, John Hulme filed a third-party complaint against Puchert seeking contribution and indemnification.[4]

Plaintiffs bring the current motion, arguing that discovery conducted after entry of the Order reveals that Puchert was involved in the procurement and/or placement of the gangplank from which plaintiff Mina Breslow fell, and Puchert's counsel's representations to the contrary were not true. Plaintiffs claim that defendants James Lima and John Hulme testified, though interrogatory responses and at depositions, that Puchert was involved in the placement of the gangplank-like structure. In addition, Plaintiffs' counsel argues that plaintiff Ronald Breslow himself testified that Puchert was involved in the procurement and placement of the gangplank, and therefore Puchert should be brought back in as a defendant in the case.[5] Plaintiffs now move under Rule 60(b) to vacate the Order and release dismissing Puchert, based on the alleged misrepresentations of Puchert and his attorney, and the resulting surprise as to material facts.

## DISCUSSION

### I. Legal Principles

#### A. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") provides that relief from a final judgment, order or proceeding may be granted for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been re-

---

**3.** Plaintiffs also seek to vacate the releases exchanged in connection with the Stipulation and Order, but have not provided the court a copy with their papers.

**4.** Third-party defendant Puchert moved to dismiss the third-party complaint, which was denied without prejudice in light of the Plaintiffs' intention to file this present motion.

**5.** In opposition to the motion, Puchert's counsel essentially argues that there was no misrepresentation since Puchert continues to and has consistently denied any involvement in the placement or procurement of the plank, and that he has testified accordingly.

versed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

■ Rule 60(b) provides "extraordinary judicial relief," when "the moving party demonstrates exceptional circumstances." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir.2009), quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008); *see also United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001), citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir.1994); *House v. Guadagno*, 2010 WL 843884 (E.D.N.Y.2010). The Rule aims to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); citing *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981). The burden of proof is on the moving party, and the decision lies within the discretion of the court. *See International Brotherhood of Teamsters*, 247 F.3d 370 at 391 (citations omitted).

## II. *Disposition of the Motion*

■ Plaintiffs do not cite a specific prong of Rule 60(b) in their motion. Since Plaintiffs' counsel argues that Puchert's counsel misrepresented Puchert's involvement in the conduct at issue in the lawsuit, the court construes the motion as seeking relief pursuant to section Rule 60(b)(3), which provides relief in the case of fraud, misrepresentation or misconduct by the opposing party. Such relief cannot be granted absent "clear and convincing evidence of material misrepresentation and cannot serve as an attempt to relitigate the merits." *United States v. Mason*, 477 Fed.Appx. 846, 2012 WL 1638124 (2d Cir.2012), citing *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir.1989) (citations omitted). To obtain relief, the movant must have been prevented from fully and fairly presenting his case. *Entral Group International, LLC v. 7 Day Café & Bar*, 298 Fed.Appx. 43 (2d Cir.2008), quoting, *State Street Bank and Trust Company v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir.2004) (citations omitted).

■ Here, Plaintiffs cannot argue that defense counsel's representations, even if accurately described by Plaintiffs' counsel, prevented Plaintiffs from fully and fairly presenting their case. Attached to his Affidavit in Reply (the "James Reply Aff."), Plaintiffs' counsel provided the Court with excerpts of plaintiff Ronald Breslow's deposition testimony, and argues that this is further evidence of Puchert's involvement and defense counsel's misrepresentations. Yet, if one of the plaintiffs himself knew that Puchert was involved, and yet they still chose to dismiss him with prejudice, it is disingenuous for Plaintiffs' to argue that defense counsel misled them.

In *State Street Bank and Trust*, the Second Circuit found that the defendant's Rule 60(b)(3) motion failed when they possessed the very letter they claimed the plaintiff had failed to produce. "Where a movant admits that a letter that the other party supposedly concealed was already present in the movants' files, it 'cannot claim it was prevented from fully presenting its case.' " *Id.*, 374 F.3d at 176 (citations omitted); *see also Entral Group*, 298 Fed.Appx. 43 (2d Cir.2008) (appellants cannot claim they were prevented from fully presenting their case by adversary's failure to report a letter to the Court when they admitted to notice of the lawsuit and filings related to the default). The same applies here. According to Ronald Breslow's own testimony, Plaintiffs had knowledge of Puchert's involvement, yet chose to dismiss him with prejudice anyway. Defense counsel's assertions that Puchert had no involvement are immaterial. Plaintiffs' motion to vacate the Order under Rule 60(b)(3) is denied.

*Conerly v. Flower*, 410 F.2d 941 (8th Cir. 1969), relied on by Plaintiffs' counsel, does not dictate a different result. First, an Eighth Circuit decision is not binding on this court. Moreover, in that case, the court vacated the original judgment based on a settlement between the parties, in favor of a subsequent judgment that mirrored the jury verdict, after it was discovered that the representations of defense counsel that formed the predicate for the settlement were not

true. In that case, unlike here, the plaintiff had no knowledge as to whether the representations of defense counsel were accurate.

■ While the court has construed the motion as made pursuant to Rule 60(b)(3), the court notes that no other provision of Rule 60 provides the relief requested. Thus, to the extent the Plaintiffs rely on Rule 60(b)(1)—mistake, inadvertence, surprise, or excusable neglect—the motion also fails. *See Nemaizer v. Baker,* 793 F.2d at 62 (2d Cir. 1986) ("[m]ere dissatisfaction in hindsight with choices deliberated made by counsel is not grounds for finding mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.") (citations omitted); *State Street Bank,* 374 F.3d at 177 ("[w]here a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect,' ") (citations omitted). Since the plaintiff admits that he was aware that Puchert was involved, and yet chose to dismiss him anyway, they cannot claim surprise, and any claim for relief under Rule 60(b)(1) fails.[6]

■ Plaintiffs' motion also fails when analyzed under Rule 60(b)(2), which permits relief from an order due to newly discovered evidence, that with reasonable diligence, could not have been discovered earlier. For a party to meet this "onerous" standard, he must allege that: (1) the facts were in existence at the time of the dispositive proceeding; (2) the movant must have been justifiably ignorant of them despite due diligence; (3) the evidence must be admissible and of such importance that it probably would have changed the outcome; and (4) the evidence must not be merely cumulative or impeaching. *United States v. International Brotherhood of Teamsters,* 247 F.3d 370, 392 (2d Cir.2001); *see also State Street,* 374 F.3d at 178 ("a movant must demonstrate he was justifiably ignorant of the newly discovered evidence despite due diligence"). As explained above, since Plaintiffs were aware of Puchert's involvement, there is no "newly discovered evidence" and they cannot claim

ignorance. Thus, there is no basis for relief of the Order under Rule 60(b)(2).

■ Similarly, Rule 60(b) does not provide relief under subsections (4), (5) or (6). Rule 60(b)(4) applies when a judgment is void, such as when there is no " 'jurisdiction of the subject matter, or of the parties, or if [the Court] acted in a manner inconsistent with due process of law.' " *City of New York v. Mickalis Pawn Shop, L.L.C,* 645 F.3d 114, 138 (2d Cir.2011), quoting, *Grace v. Bank Leumi Trust Co. of NY,* 443 F.3d 180, 193 (2d Cir.2006) (citations omitted), which is not alleged here. Rule 60(b)(5) governs when a judgment has been satisfied, released or discharged—also not argued nor applicable here. Finally, Rule 60(b)(6)—"any other reason that justifies relief"—does not apply. "If the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *United States v. International Brotherhood of Teamsters,* 247 F.3d at 391–392 (citations omitted); *United States v. Mason,* 477 Fed. Appx. 846, 2012 WL 1638124 (2d Cir.2012). Though not successful, since the arguments here are appropriately analyzed under Rule 60(b)(1), (2) or (3), Rule 60(b)(6) does not apply.

### CONCLUSION

For the foregoing reasons, the court denies Plaintiffs' Rule 60(b) motion. The parties are directed to contact the Court, within two weeks of the date of this order, to request a pre-motion conference if they still intend to file other motions, as previously indicated.

SO ORDERED.

---

**6.** Plaintiffs' reliance on *Katz v. Mogus,* 2012 WL 263462 (S.D.N.Y.2012) is misplaced. In that case, on the basis of equitable principles and the lack of prejudice, the Court permitted the plaintiff to re-open a case to extend a deadline by which to consummate a settlement agreed in open court before the Magistrate Judge. Those circumstances do not apply to the instant case.